## 56229. THE STATE v. LUDVICEK.

Birdsong, Judge.
Anthony Charles Ludvicek was indicted for a violation of the Georgia Controlled Substances Act. He successfully moved to suppress evidence resulting from an inventory concomitant with the impoundment of the vehicle he was driving. The state appeals the grant of the motion to suppress. *Held:*
The facts and issue in this case are uncontroverted. Ludvicek borrowed a car from his girl friend, Ms. Alexander. He subsequently was observed driving at an excessive rate of speed by police. The car was stopped and Ludvicek was seen to be intoxicated. He was arrested and charged with drunk driving, speeding, and driving without a license, offenses not involved in this appeal. At the time of his arrest, two passengers were present in the car with Ludvicek, one of whom was Ludvicek's roommate. The arresting officer was informed by Ludvicek that he had borrowed the car from Ms. Alexander and that she was awaiting his return at his residence. The arresting officer made radio inquiry and ascertained that the car was indeed registered in the name of Ms. Alexander. Further, he ascertained that there was no report that the car was stolen. The arresting officer determined to take Ludvicek to the station to administer a breath test. Ludvicek requested that his roommate be permitted to drive the car back to the residence to return the vehicle to Ms. Alexander. Because

title was not in the roommate-passenger, nor was the actual owner present, the arresting officer made the decision to impound the car and called for assistance. At no time did the officer attempt to seek guidance from Ms. Alexander. As soon as other officers arrived on the scene to take custody of the car, the arresting officer left with Ludvicek to administer a breath test. The impounding officers commenced an inventory, during which the marijuana involved in the indictment was found.

It is not contested in this case that an inventory is a proper procedure, is not an invasion of protected Fourth Amendment rights or that the product of such an inventory is admissible in evidence. Rather, the contention is whether the police officer properly exercised his discretion in impounding the car rather than allowing Ludvicek's roommate to return the car to Ms. Alexander. Both the state and appellee recognize that the answer to this question involves an application of the protection afforded property rights by the Fourth Amendment. The state argues that the impoundment was executed in proper legal fashion as was the inventory and that neither was a mere subterfuge to conduct an unreasonable search not founded upon reasonable cause. The state's position is that the police officer, in protection of the property owner and the police authority involved, was required by prudence to impound the car rather than turn it over to a person not claiming ownership or possessed of indicia of ownership or leave it abandoned. Ludvicek's position, on the other hand, is that a proper determination of this question required a balancing of the right of the state to protect the property and itself from an improper bailment as against the right of the individual to be secure from an unnecessary intrusion into the protected area of property rights, and that the constitutional right should have preponderated.

There are no reported cases in this state directly addressing this point. An examination of cases from other jurisdictions however, discloses certain relevant underlying principles controlling the right of impoundment and a resulting inventory. These cases establish the principle that the property of a citizen is protected from unnecessary intrusion or limitation of use

by its owner. For instance, in South Dakota v. Opperman, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) at pp. 379-380, it was stated that against the interest of the state, must be weighed the citizen's interest in the privacy of the contents of his automobile, and that the unrestrained search of an automobile and its contents may be classified as a serious intrusion upon the privacy of the individual. This point conceded, other cases supporting the state's right to impound, are founded on a doctrine of necessity. Thus, where the sole occupant of the vehicle is taken from the car, it would be impractical to leave the vehicle abandoned on the side of the road. United States v. Ducker, 491 F2d 1191; South Dakota v. Opperman, supra. The same is true where all occupants of the car are apprehended and none remain to take custody of the car (State v. Armstrong, 149 Mont. 470 (428 P2d 611)), or where an unsuccessful attempt was made to locate the owner to obtain disposition instructions (Mackall v. State, 7 Md. App. 246 (255 A2d 98)).

We are cited to three cases which directly face the problem presented by this case. In Altman v. Florida, 335 S2d 626, the driver of the car was apprehended for traffic violations and removed from his car. He requested that a companion on the scene be allowed to assume custody of the car. The Florida court held that while the right of citizens to be protected from dangerous drivers is more important than the individual's right not to have his car towed away, still the individual's right of privacy is superior to the power of the police to impound a car unnecessarily. That case further held at p. 629: "When the driver of a motor vehicle is arrested and a reliable friend is present, authorized and capable to remove an owner's vehicle which is capable of being safely removed; or where the arrestee expresses a preference as to towing service and designates an appropriate carrier and destination for the vehicle, it is unnecessary for the police to impound it. In either of these instances, the rationale for an inventory search does not exist." To the same effect, see State v. Goodrich, 256 NW2d 506 (Minn. 1977) and Tolbert v. State, 348 S2d 623 (Fla. 1977).

We are persuaded as to the logic of these cases. While we do not wish to impose unnecessary burdens upon an

already overburdened police force, we do not believe it would have been unreasonable for the arresting officer to seek instructions from Ms. Alexander inasmuch as he had been told she was the owner, he had verified the accuracy of that information, he knew where she was located and there was an available driver to deliver the car to Ms. Alexander which driver was an occupant of the premises where Ms. Alexander was waiting. Perhaps a different result would be proper if Ms. Alexander could not have been located following at least a reasonable effort. Mackall v. State, supra. However, under the circumstances presented, we concur with the judgment of the trial court that impoundment was unnecessary and therefore the resultant inventory was also improper.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JUNE 27, 1978 — DECIDED SEPTEMBER 11, 1978 —

*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellant.
*K. Van Banke,* for appellee.