## 65651. STROBHERT v. THE STATE.

BANKE, Judge.

Appellant was arrested for possession of beer in Jones Bridge Park, in violation of a Gwinnett County ordinance. At the time of the arrest, appellant was standing beside a car in his possession which he claimed belonged to a relative. After placing appellant in a patrol car, the arresting officer impounded the parked vehicle and subsequently conducted an inventory search pursuant to standard police procedures. This search disclosed less than one ounce of marijuana and one methaqualone tablet inside the console compartment of the car's interior, resulting in appellant's indictment for a violation of the Georgia Controlled Substances Act.

The arresting officer did not discuss with appellant any alternative disposition of the car. Also, he did not contact any relatives of appellant regarding the matter, and did not give appellant's companion, who was not arrested, the opportunity to remove the vehicle. The park in which the arrest occurred closed at midnight, and vehicles were not allowed to be parked there beyond that time.

In appealing the trial court's denial of his motion to suppress the evidence discovered by the inventory search, appellant contends that the impoundment of the vehicle and the concomitant search were improper. *Held:*

Inventory searches have been upheld because they serve three legitimate interests: (1) protection of the property while in custody; (2) protection of the police from potential dangers; and (3) protection of the police against claims of lost or stolen property. South Dakota v. Opperman, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976); *State v. Darabaris,* 159 Ga. App. 121 (282 SE2d 744) (1981). Justification of such a search, however, is premised upon the validity of the impoundment of the vehicle. *State v. McCranie,* 137 Ga. App. 369 (223 SE2d 765) (1976).

"It is well established that a police seizure and inventory is not dependent for its validity upon the absolute necessity for the police to take charge of property to preserve it. They are permitted to take charge of property under broader circumstances than that." *Mooney v. State,* 243 Ga. 373, 375 (254 SE2d 337) (1979). Although absolute necessity is not required, however, a seizure must still be reasonable under the circumstances of a case, and the rationale for inventory

searches must inhere in the decision to impound. *State v. Darabaris,* supra; *State v. Thomason,* 153 Ga. App. 345 (265 SE2d 312) (1980).

Under the facts and circumstances of this case, the impoundment of the vehicle was not reasonably necessary. The vehicle was unconnected with the reason for appellant's arrest, and was legally parked at the time of the arrest. The arresting officer indicated that there was some confusion as to whether the vehicle belonged to appellant's mother or sister, but it appears that the officer made no effort to contact either person about the possibility of retrieving the vehicle. Likewise, the arresting officer was aware of the presence of appellant's companion, yet he did not even inquire into whether the companion could have been trusted with the vehicle. The officer also had not asked about nor given appellant the opportunity to make alternative arrangements for the removal of the vehicle merely because he was under arrest. No other arrangements may have been realized, but the crucial fact here is that the arresting officer made absolutely no effort to explore the possible alternatives.

"[T]he individual's right of privacy is superior to the power of police to impound a vehicle unnecessarily . . ." *State v. Ludvicek,* 147 Ga. App. 784, 786 (250 SE2d 503) (1978); *State v. Darabaris,* supra. This court has previously adopted the view that when a driver is arrested and a reliable friend is present who may be authorized and capable of removing the vehicle, or where the arrestee expresses some preference for a private towing service, the rationale for impoundment does not exist. *Mulling v. State,* 156 Ga. App. 404 (274 SE2d 770) (1980); *State v. Ludvicek,* supra. Similarly, the arresting officer in this case ignored the possible alternatives. As in *Mulling* and *Ludvicek,* this utter lack of any reasonable efforts to pursue such possible alternatives made the impoundment unreasonable and the resulting inventory search invalid. The trial court therefore erred in denying appellant's motion to suppress.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 22, 1983.

*Gerald L. Talansky,* for appellant.
*W. Bryant Huff, District Attorney, John Moore, Assistant District Attorney,* for appellee.