## A89A0392. THE STATE v. KING.
(382 SE2d 613)

McMURRAY, Presiding Judge.

Defendant King is charged by indictment with a violation of the Georgia Controlled Substance Act, possession with intent to distribute of more than one ounce of marijuana. The State appeals from the grant of defendant's motion to suppress evidence. _Held_:

A police officer observed defendant driving a catering truck. The officer had arrested defendant eight months previously for driving while his license was suspended and for possession of marijuana. Based on this earlier incident, the officer suspected that defendant's license was still under suspension. The officer followed defendant and turned on his blue lights. Defendant turned into the parking lot of a restaurant. While the officer was advising his radio dispatcher concerning the stop, defendant exited his vehicle and entered the restaurant. The officer followed defendant into the restaurant and found that he had telephoned someone. As the officer told defendant that he needed to speak to him outside, defendant told the person whom he had telephoned to come up to the restaurant because he was about to be arrested. After the officer and defendant had exited the restaurant, defendant stated in response to the officer's inquiries that he didn't have his driver's license and that it was still suspended. At this point, the officer placed defendant in the back of his patrol car and requested a license check on defendant to confirm that his license was still suspended. The defendant's father arrived at the scene. The officer placed defendant under arrest. The defendant's father, owner of the catering truck operated by defendant, repeatedly asked the officer to permit him to drive his truck home rather than having it towed. Defendant also requested that his father be permitted to drive the catering truck home. The officer refused this request. Defendant gave the keys to the catering truck to his father, asking him to take the vehicle home. The defendant's father left the scene, but was stopped by a second police officer who demanded the keys to the catering truck operated by defendant. Defendant's father surrendered the keys which were returned to the catering truck. Upon the return of the keys the officer unlocked the truck and commenced a search of the vehicle. In the truck officers found the evidence suppressed by the grant of defendant's motion including marijuana and drug paraphernalia.

The State contends that the search of the vehicle driven by defendant was valid as an incident to a lawful custodial arrest. "The

United States Supreme Court has held that 'when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.' *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768) (1981)." *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221). This exception to the probable cause requirement has been broadly applied to authorize vehicular searches conducted at roadside even after the driver has been taken into custody and separated from his vehicle (*State v. Watkins*, 182 Ga. App. 431, 433 (356 SE2d 82)), and transported from the scene (*Maddox v. State*, 188 Ga. App. 883, 884 (1) (374 SE2d 810)). However, "it has never been extended so far as to permit the impoundment of a vehicle under circumstances in which impoundment would not otherwise be permitted." *Whisnant v. State*, 185 Ga. App. 51, 52 (2), 53 (363 SE2d 341). "Impoundment of a vehicle is valid only if there is some necessity for the police to take charge of the property. See *South Dakota v. Opperman*, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976). Impoundment is not permissible ' "(w)hen the driver of a motor vehicle is arrested and a reliable friend is present, authorized and capable to remove (the) vehicle which is capable of being safely removed." ' *State v. Ludvicek*, 147 Ga. App. 784, 786 (250 SE2d 503) (1978)." *Whisnant v. State*, 185 Ga. App. 51, 52 (2) 53, supra. See also *State v. Darabaris*, 159 Ga. App. 121 (282 SE2d 744).

Under the evidence in the case sub judice, the superior court was authorized to conclude that the impoundment was improper. Where the impoundment is unreasonable the resulting inventory search is invalid. *State v. Thomason*, 153 Ga. App. 345, 349 (265 SE2d 312).

There was also ample evidence from which the superior court could conclude that the search of the catering truck was conducted as an incident of its seizure or impoundment. Thus, while a search of the truck may have been authorized as an incident to defendant's arrest, under the facts and circumstances of the case sub judice, the superior court was authorized to conclude that the search was tainted by the prior illegal impoundment of the vehicle. Thus, we find no error in the superior court's determination that there was no valid inventory search and no valid search incident to an arrest.

The State also argues that the search of the catering truck in defendant's possession was supported by the arresting officer's determination of probable cause. During the previous arrest of defendant the officer had seized a briefcase which contained marijuana from defendant's vehicle. The officer testified that while arresting defendant in the case sub judice for driving with a suspended license, he heard defendant instruct his father to take his briefcase and "some kind of bag" out of the catering truck and go home. According to the officer, at that point defendant began to struggle and become abusive. The

State argues that the previous arrest of defendant when there was marijuana in the briefcase, along with defendant's aggressive state, gave the officer probable cause to believe the vehicle contained contraband.

First, we note that there was contradictory evidence as to whether defendant actually struggled with or was otherwise physically aggressive with the officer. The superior court was authorized to conclude that no such behavior was manifested by defendant. As to the defendant's obvious desire to remove certain items from the truck, such in the light of the previous arrest, might arouse one's suspicions. However, "[a] suspicion or 'strong reason to suspect' is an insufficient foundation for a finding of probable cause. *Henry v. United States*, 361 U. S. 98, 101 (1959). Probable cause would exist for the warrantless search of a vehicle only if the facts and circumstances would cause a reasonably prudent person to believe that contraband was present in the vehicle. *Cunningham v. State*, 133 Ga. App. 305, 307 (211 SE2d 150) (1974)." *Fuqua v. State*, 142 Ga. App. 632, 633 (1) (236 SE2d 685). In the case sub judice, it was equally probable that defendant's desire for the removal of items from the truck arose from some legitimate rather than criminal concern. Thus, probable cause did not arise from the knowledge of the arresting officer at the time he began the search of the truck. The superior court did not err in granting defendant's motion to suppress evidence.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MAY 2, 1989 —
REHEARING DENIED MAY 30, 1989 —

Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, for appellant.
Bert W. Cohen, for appellee.