A90A0539. REED v. THE STATE.
(395 SE2d 294)

POPE, Judge.
Defendant was convicted of burglary and appeals. At trial a patrolman with the Franklin, Georgia, Police Department testified he was instructed to be on the look-out for a brown and white van with three male passengers traveling east on Georgia Highway 34. The police department had received a report that the van was seen pulled into a driveway of a house, the owners of which were away from

home. The house was located in a neighborhood where several burglaries had been reported.

The patrolman saw a van matching the description he had been given and followed the van a short distance where it pulled into a convenience store. A temporary paper Florida license was on the van. According to the patrolman, a temporary plate is easier to duplicate than a metal plate. Based on these suspicions he approached the van to investigate and determined that defendant, the driver, did not have a driver's license. Defendant told the patrolman the van had been loaned to him by a friend and presented him with a bill of sale bearing that person's name. Pursuant to a computer check the patrolman determined that the van was not reported stolen. The patrolman transported defendant to the county sheriff's office in order to determine if defendant was merely unlicensed or if his license had been revoked. One of the other passengers in the van who had a valid driver's license was allowed to drive the van to the sheriff's office.

According to the patrolman, the van was impounded in order to secure it for its owner. Because it was impounded a routine inventory was taken of the contents of the van. The inventory revealed numerous items of personal property which had been reported stolen in a burglary the previous day. Defendant argues the trial court erred in denying his motion to suppress the evidence discovered during the inventory of the van.

The patrolman did not violate defendant's Fourth Amendment rights in briefly detaining defendant to make an investigation of suspicious circumstances even though those circumstances were not sufficient to establish probable cause to make an arrest. See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1967). However, we agree with defendant that the impoundment and resulting inventory of the van was unnecessary under the circumstances of this case and therefore the evidence discovered and seized as a result of the inventory was not admissible at trial. "When the driver of a motor vehicle is arrested and a reliable friend is present, authorized and capable to remove an owner's vehicle which is capable of being safely removed . . . it is unnecessary for the police to impound it. . . . [T]he rationale for an inventory search does not exist." (Citation and punctuation omitted.) *State v. Ludvicek*, 147 Ga. App. 784, 786 (250 SE2d 503) (1978). Accord *Strobhert v. State*, 165 Ga. App. 515 (301 SE2d 681) (1983). In both of these cases, as in the case at hand, the owner of the vehicle was not present, and defendant claimed he was driving with the owner's permission. In *Ludvicek* the defendant requested that his passenger be permitted to return the car to its owner. In *Strobhert* the evidence showed the arresting officer did not ask whether the defendant's companion could be trusted with the vehicle, did not attempt to contact the owner and did not give defendant the opportu-

nity to make alternative arrangements for the removal of the vehicle. In the case at hand defendant did not present evidence that he requested that his companion be allowed to remove the vehicle or evidence that the patrolman failed to attempt to contact the owner or to give defendant the opportunity to make other arrangements for the removal of the van. However, the record shows the licensed passenger was allowed to drive the van from the location where defendant was arrested to the sheriff's office. A computer check gave the officer no reason to believe the van had been stolen. Thus, under these circumstances and pursuant to the rationale of *Ludvicek* and *Strobhert*, the impoundment and inventory of the van was not reasonably necessary in this case. Because we hold the trial court erred in denying defendant's motion to suppress evidence, we need not address defendant's remaining enumerations of error.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 1, 1990.

*John W. Miller*, for appellant.
*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.