## A90A2144. STOTTS v. THE STATE.
(404 SE2d 635)

COOPER, Judge.

Appellant was convicted by a jury of trafficking in cocaine. He appeals from the denial of his motion for new trial and enumerates as error the denial of his motion to suppress.

The arresting officer testified that while on patrol in his car, he observed a car travelling on the expressway at a speed of approximately 90 m.p.h. in an area where the speed limit was 55 m.p.h. The officer got behind the car and turned his blue lights on but the car did not stop until the officer turned on his siren. The driver of the car first presented an invalid license to the officer and then gave the officer a license which belonged to appellant, who was in the passenger seat of the car. The driver had an odor of alcohol on his breath and body, was unsteady on his feet and failed a field sobriety test. The driver was arrested for driving under the influence and was placed in the back of the officer's patrol car. The officer approached appellant to ask him why he had given the driver his license and to determine whether he could drive the car. The officer detected an odor of alcohol on appellant's breath and saw a cup of liquid which smelled like an alcoholic beverage next to appellant in the car. The officer therefore determined that appellant was unable to drive the car and since he could not be left on the expressway, he patted down appellant to check for weapons before placing appellant in the back of the patrol car. While he was patting down appellant, the officer discovered a large bulge under appellant's right arm and found a bag containing money. The officer also testified that he felt a knife-like object in appellant's right pocket so he reached into the pocket and when he pulled out the knife, a clear plastic bag containing a white powder came out of the pocket with the knife. A third passenger was asleep in the back seat of the car, and after waking him, the officer determined that he was also too intoxicated to drive the car, therefore, he was patted down and placed in the back of the patrol car with appellant and the driver. Since no one was able to drive the car, an inventory search was conducted before the car was impounded by the arresting officer and another officer who had arrived on the scene.

During a search of the trunk of the car, a portable radio fell apart when it was picked up, revealing a large plastic bag containing white powder. It was subsequently ascertained that the white powder in both the large plastic bag and the bag in appellant's pocket was cocaine; that the car had been rented by a person by the name of Anderson West; and that appellant was listed as an additional driver on the rental agreement.

1. Appellant contends in his first enumeration of error that the motion to suppress should have been granted because the impound-

ment of the car was improper. We disagree. Each of the persons in the vehicle appeared to the officer to be intoxicated, and we conclude that the impoundment of the car was valid inasmuch as no one present was capable of safely removing the vehicle. See *South Dakota v. Opperman*, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976). Compare *Whisnant v. State*, 185 Ga. App. 51 (2) (363 SE2d 341) (1987); *State v. King*, 191 Ga. App. 706 (382 SE2d 613) (1989). Further, the search of the car which revealed the additional cocaine was contemporaneous with appellant's lawful arrest. See *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981); *United States v. Ross*, 456 U. S. 798 (102 SC 2157, 72 LE2d 572) (1982).

2. Appellant also contends that the trial court erred in failing to suppress the drugs found on appellant during the officer's pat-down search. Appellant argues that since the pat-down search was for the purpose of discovering any weapons on appellant's person, the failure to produce the knife which the officer allegedly felt requires that the illegal drugs found in connection with that intrusion be suppressed. The arresting officer was authorized to conduct a limited *Terry* search for weapons before placing appellant in the patrol car. When the officer felt a bulge which he thought might be a knife, he was allowed to intrude further to determine if the object was in fact a weapon. *Roberts v. State*, 193 Ga. App. 96, 98 (386 SE2d 921) (1989). The officer testified that when he pulled the knife out, the illegal drugs came out with it. The failure to produce the knife at the suppression hearing presented a question of credibility for the trial judge. " 'On appeal from the denial of a motion to suppress evidence obtained through a search that the defendant contends was illegal, "the trial court's decision on questions of fact and credibility . . . must be accepted unless clearly erroneous." ' [Cit.]" *O'Keefe v. State*, 189 Ga. App. 519, 522 (1) (376 SE2d 406) (1988). We do not find that the trial court's ruling was clearly erroneous.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 12, 1991 —
REHEARING DENIED MARCH 27, 1991 — 

*James Brantley*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Charles W. Smegal, Assistant District Attorneys*, for appellee.