A91A1157. MARTIN v. THE STATE.
(411 SE2d 910)

BEASLEY, Judge.

Defendant appeals his convictions of possession of a controlled substance, OCGA § 16-13-30, and theft by taking a motor vehicle, OCGA § 16-8-2. On appeal he enumerates as error the trial court's denial of his motion to suppress and further contends that the evi-

dence was insufficient to sustain his conviction of possession of marijuana. With regard to the theft by taking conviction, which is not connected, he urges error in the admission of certain testimony referring to what he contends was similar transaction evidence.

1. (a) Defendant's motion to suppress was first heard in November 1987 and granted. A few days later, the State filed a motion for rehearing, to present further evidence. A hearing was held, the original order was vacated, and the motion to suppress was denied.

At trial, the following evidence was introduced. At 1:00 a.m. on July 3, 1987, a deputy sheriff stopped defendant's vehicle after it twice left the road. A license check revealed defendant was driving with a suspended license and he was arrested. When defendant refused a DUI test after being administered a field test, the arrest was compounded for driving under the influence. Defendant advised the deputy that the vehicle was rented. The officer, who was unable to remove the vehicle from its location, decided that it was unsafe to leave it there because it would cause a road hazard the next morning since it would be blocking the driveway of a bank.

Defendant asked if someone could come get the vehicle but was unable to give the deputy a definite time when this could be accomplished, so the officer called for a wrecker. The deputy then began an inventory search of the vehicle and was aided by two police officers who arrived as back-ups. The officers found marijuana in a cooler in the back seat of the car and in a drink holder in the front seat and found marijuana cigarette butts in the ashtray.

The original grant of the motion to suppress was predicated upon the failure to introduce evidence of an inventory policy on the part of the sheriff's department. The State moved for a rehearing to permit the introduction of evidence which would establish that such a policy was in existence at the time of the search. Because no transcript of the hearing is provided the record is silent as to what transpired. Defendant now argues that because the arresting officer did not know of such policy the fact that such policy was in existence would not validate the search.

Reconsideration of a ruling on a motion to suppress is permissible. *Chastain v. State*, 158 Ga. App. 654 (281 SE2d 627) (1981). Accord *Martinez-Rodriguez v. State*, 195 Ga. App. 491, 493 (4) (393 SE2d 748) (1990).

Whether there was a department inventory policy, and whether the officer knew it, if there was one, is not determinative of the issue although the existence or nonexistence of a policy would be relevant. "[I]nventory searches have been upheld because they serve three legitimate interests: (1) protection of the property while in custody; (2) protection of the police from potential dangers; and (3) protection of the police against claims of lost or stolen property." *Strobhert v.*

*State*, 165 Ga. App. 515 (301 SE2d 681) (1983). "Justification of such a search, however, is premised upon the validity of the impoundment of the vehicle." Id. "Impoundment of a vehicle is valid only if there is some necessity for the police to take charge of the property. See *South Dakota v. Opperman*, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976)." *Whisnant v. State*, 185 Ga. App. 51, 52 (2), 53 (363 SE2d 341) (1987). "Where the impoundment is unreasonable the resulting inventory search is invalid. [Cit.]" *State v. King*, 191 Ga. App. 706, 707 (382 SE2d 613) (1989).

" '[A] police seizure and inventory is not dependent for its validity upon the absolute necessity for the police to take charge of property to preserve it. They are permitted to take charge of property under broader circumstances than that.' *Mooney v. State*, 243 Ga. 373, 375 (254 SE2d 337) (1979). Although absolute necessity is not required, however, a seizure must still be reasonable under the circumstances of a case, and the rationale for inventory searches must inhere in the decision to impound. [Cits.]" *Strobhert*, supra at 515. See *State v. Ludvicek*, 147 Ga. App. 784, 785 (250 SE2d 503) (1978).

The circumstances here demonstrate the action of the officers in impounding and inventorying the vehicle was reasonable when measured against the Fourth Amendment's interest in protecting the individual's right to privacy. See *Gooden v. State*, 196 Ga. App. 295 (395 SE2d 634) (1990); *Duvall v. State*, 194 Ga. App. 420 (390 SE2d 647) (1990); *Jones v. State*, 187 Ga. App. 421 (370 SE2d 784) (1988); *State v. Gilchrist*, 174 Ga. App. 499 (1) (330 SE2d 430) (1985). There was no error in vacating the original order nor in thereafter denying the motion to suppress.

(b) Defendant contends that the evidence did not support the verdict because of the principle that mere presence in the vicinity of contraband, without more, does not establish possession. See *Ridgeway v. State*, 187 Ga. App. 381, 382 (370 SE2d 216) (1988). There was more than presence. "Possession can be proven by circumstantial as well as direct evidence." *Norton v. State*, 195 Ga. App. 737, 738 (395 SE2d 34) (1990). Whether the circumstantial evidence is sufficient to exclude every reasonable hypothesis save that of defendant's guilt is a question for the jury unless the verdict is insupportable as a matter of law. *Brewer v. State*, 156 Ga. App. 468 (2) (274 SE2d 817) (1980).

There was no evidence that anyone else had equal access to the car and the items were found in places in close proximity to and within the control of the driver. *Mendez v. State*, 185 Ga. App. 1 (363 SE2d 262) (1987); *Fears v. State*, 169 Ga. App. 172, 173 (1) (312 SE2d 174) (1983). The evidence was sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt.

2. The State sought to introduce evidence about a shotgun found in the stolen vehicle when defendant was arrested for theft of the ve-

hicle. (This was not the vehicle which defendant was driving on an occasion two years earlier, in which the marijuana was found.) Defendant objected on the ground that he was not notified ten days before trial as required by USCR 31.1 and 31.3 regarding evidence of a similar transaction. The court agreed but ruled that limited evidence would be permitted, as a circumstance of the arrest, about finding the shotgun in the stolen vehicle and that it was previously in the possession of a third party about a day and a half before the arrest. The court instructed the State to restrict its proof as to the circumstances and not to show that the weapon was stolen.[1]

During direct examination of the party formerly in possession of the shotgun, the prosecuting attorney asked: "when was the gun no longer in your possession?" The witness responded: "The first time I noticed it was missing was on the morning of October the 25th." The court denied defendant's motion to strike the testimony that the gun was "missing," which motion presumedly was made on the same ground raised earlier, that he had not been notified in advance pursuant to USCR 31.1 and 31.3. Later, defendant moved for mistrial on the ground that the testimony exceeded the "parameters" of the trial court's directions. This motion was denied because the court did not find a violation of its order.

On appeal defendant asserts that the testimony put his character in evidence. This basis was not raised in the lower court, *Clark v. State*, 180 Ga. App. 280, 282 (2) (348 SE2d 916) (1986), and the sole issue for our consideration is whether the testimony violated the limits of the court's instructions. During argument, the court stated concerning the extent of the State's evidence that it could "put the gun in the store and show when it got gone, but not the fact that it was stolen." The prosecution was also permitted to ask, "when was the last time . . . that gun was in the store."

The question posed complied with the court's instructions. Despite the choice of the word "missing," the response also came within the guidelines imposed by the court's ruling. "Missing" is the substantial equivalent of when the shotgun was no longer there. Webster's Unabridged Dictionary defines "missing" as "absent from the place where it was expected to be found; lost; wanting; not present when called or looked for." The failure to strike the testimony or grant a mistrial was not error on the ground raised and preserved.

*Judgments affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

---

[1] Appellant was convicted of the burglary in which the weapon was taken. *Martin v. State*, 198 Ga. App. 488 (402 SE2d 95) (1991).

DECIDED NOVEMBER 1, 1991.

Lynwood D. Jordan, Jr., for appellant.

Garry T. Moss, District Attorney, T. Russell McClelland III, Gregory A. Hicks, Assistant District Attorneys, for appellee.