A92A0083. WILLIAMS v. THE STATE.
(419 SE2d 351).

BEASLEY, Judge.

Williams is charged with possession of cocaine in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (a), driving while license revoked, OCGA § 40-5-121 (a), and driving on wrong side of road, OCGA § 40-6-40 (a). This is an interlocutory appeal from the trial court's denial of a motion to suppress evidence of the contraband seized after impoundment and inventory of Williams' automobile following his arrest on traffic violations.

Williams contends that the impoundment was invalid and the search therefore unreasonable under both the Federal and State Constitutions. He does not challenge the lawfulness of the arrest. Even though he cites the State Constitution, he does not pursue this claim with argument or case law developing it. The authority upon which he relies addresses only the federal standard. Consequently, the state ground is considered abandoned. See *Davenport v. State,* 172 Ga. App. 848, 850 (2) (325 SE2d 173) (1984).

The arresting officer testified that at approximately 1:30 a.m. on March 31, 1991, he was on routine patrol in the City of Cumming when he spotted Williams' car. He was following behind the car when he observed Williams cross over the centerline a few times. The officer activated the blue lights and Williams pulled off to the roadway's grassy shoulder. Williams was unable to produce a driver's license. A computer check showed that Williams' license had been

suspended. The officer arrested him for driving with a suspended license and driving left of center and put him in the patrol car. The officer chose to impound the vehicle and conduct an inventory search on the spot. He found what was later determined to be cocaine in the glove compartment.

The officer acknowledged that the police department policy was to impound vehicles and inventory them if the arrestee had no companion in the car. He explained that he chose to impound Williams' car because at that early hour he was the only one in the department working and had no other way to secure or do anything with the vehicle, which was located partially on the roadway and partially on the grassy shoulder. On cross-examination, the officer agreed that the car could have been moved to a nearby asphalt lane across from the roadway but stated that he did not move people's vehicles. He did not inquire whether or not Williams could make other arrangements for the car's retrieval. He did not recall Williams asking for a private wrecker but stated that whenever a reasonable request was made, he did not deny it.

Williams testified that the officer refused his request to call someone to take the car, either one friend half a mile away who could walk over or another friend with a wrecker.

The trial court denied suppression, concluding that the officer's being on duty alone at that time of night necessitated the officer's impounding the car by use of the standard tow truck company and that the officer had no other reasonable alternatives presented. Supporting factual findings by the trial court are useful in assessing suppression determinations; however, here the court did not make a specific finding as to whether or not it accepted Williams' version of events, i. e., that he requested to call someone to retrieve the vehicle.

Williams maintains that the impoundment and inventory were invalid because there were other reasonable alternatives for retrieval and removal of his car, including the two he presented.

" '(I)nventory searches have been upheld because they serve three legitimate interests: (1) protection of the property while in custody; (2) protection of the police from potential dangers; and (3) protection of the police against claims of lost or stolen property.' *Strobhert v. State,* 165 Ga. App. 515 (301 SE2d 681) (1983). 'Justification of such a search, however, is premised upon the validity of the impoundment of the vehicle.' Id. 'Impoundment of a vehicle is valid only if there is some necessity for the police to take charge of the property. See *South Dakota v. Opperman,* 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976).' *Whisnant v. State,* 185 Ga. App. 51, 52 (2), 53 (363 SE2d 341) (1987). 'Where the impoundment is unreasonable the resulting inventory search is invalid. (Cit.)' *State v. King,* 191 Ga. App. 706, 707 (382 SE2d 613) (1989).

" ' "(A) police seizure and inventory is not dependent for its validity upon the absolute necessity for the police to take charge of property to preserve it. They are permitted to take charge of property under broader circumstances than that." *Mooney v. State,* 243 Ga. 373, 375 (254 SE2d 337) (1979). Although absolute necessity is not required, however, a seizure must still be reasonable under the circumstances of a case, and the rationale for inventory searches must inhere in the decision to impound. (Cits.)' *Strobhert,* supra at 515. See *State v. Ludvicek,* 147 Ga. App. 784, 785 (250 SE2d 503) (1978)." *Martin v. State*, 201 Ga. App. 716, 717 (1) (411 SE2d 910) (1991). See also *State v. Thomason,* 153 Ga. App. 345, 349 (265 SE2d 312) (1980).

Whether or not Williams did suggest to the officer any alternative to impoundment was for the trial court to decide as finder of fact at the suppression hearing. The appellate court is then "bound to accept the trial court's decision on questions of fact and credibility . . . unless clearly erroneous, . . ." *Williams v. State,* 256 Ga. 609, 610 (1) (351 SE2d 454) (1987). It is not certain what the court found in this regard, although the court did state: "I do not feel that the officer was presented with reasonable alternatives, particularly alternatives which dictated his exploration into using other alternatives." Assuming the trial court found that Williams suggested to the officer his asserted two alternatives, and considering the third, the officer's failure to explore or pursue any of them and to impound the vehicle instead was reasonable under the Fourth Amendment.

There were no passengers in Williams' car and Williams himself was ineligible to further drive the car because of lack of a valid driver's license. The car was in a dangerous position on the roadway and had to be moved for safety's sake. It was the middle of the night and the officer could not readily summon assistance to either move the car across the street or attend Williams in the patrol car if the officer himself moved the vehicle. Nor could he obtain backup assistance in the event either of the individuals suggested by Williams actually came but created a security problem. The solitary officer was under no duty to subject himself to possible peril in order to further accommodate Williams in this regard. Choosing impoundment was reasonably necessary to safeguard Williams' property, protect the public by removing the roadway obstruction, and prevent exposure of the officer to potential danger.

As to the search, " '[t]he police, in conducting an inventory search, may ordinarily inspect the glove compartment, the trunk, on top of the seats as well as under the front seats, and the floor of the automobile. An inspection of these areas is reasonable because these are common locations in or on which it is reasonably to be expected that the owner or occupant of an automobile may place items of personalty. The intrusion, although serious, is justified by the need to

protect the property of the owner, and to protect the police from claims. This is to say no more than in the typical case it is not unreasonable for the police to search such places while conducting an inventory.' [Cit.]" *Arnold v. State,* 155 Ga. App. 581, 582 (1) (271 SE2d 714) (1980). See *South Dakota v. Opperman,* 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976).

*Strobhert v. State,* 165 Ga. App. 515 (301 SE2d 681) (1983), and *Mulling v. State,* 156 Ga. App. 404 (274 SE2d 770) (1980), relied on by Williams are readily distinguishable on their facts. Strobhert had a companion with him, the vehicle was unconnected with the reason for the defendant's arrest, it belonged to someone else, and the vehicle was legally parked at the time of arrest. In *Mulling,* the defendant had been allowed to select a towing service for his vehicle and the tow was on the way when the police made an "inventory" search of the vehicle. Compare also *State v. Ludvicek,* 147 Ga. App. 784 (250 SE2d 503) (1978) and *State v. King,* 191 Ga. App. 706 (382 SE2d 613) (1989), in which impoundment was not permitted because unnecessary.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 29, 1992.

*J. Richard Neville,* for appellant.
*Garry T. Moss, District Attorney,* for appellee.