## A02A1094. COLZIE v. THE STATE.
### (572 SE2d 43)

BARNES, Judge.

We granted Darryl J. Colzie's application for interlocutory appeal of the trial court's denial of his motion to suppress. For the reasons that follow, we affirm.

A Cobb County police officer stopped the car Colzie was driving at 1:30 a.m. because his tag light was out and asked for his driver's license and proof of insurance. The officer saw a pack of rolling papers stuck between Colzie's left leg and the driver's door, but after being questioned about it Colzie said he did not smoke. Colzie could not find an insurance card and explained that the car belonged to his aunt, a fact that the officer confirmed by running the tag number.

Colzie declined the officer's request to search the car, and the officer was unable to procure a canine unit to search the air outside the car for contraband. Because (1) he could not let Colzie drive off without knowing whether the car was insured, (2) the car was stopped on an on-ramp to I-20 where it was unsafe to leave it, and (3) Colzie lived 45 miles away, the officer decided to impound the car. He offered to give Colzie a ride back to wherever he had been coming from or have someone pick him up, and Colzie responded that he had been at his girlfriend's and would like to return there. Before allowing Colzie to sit in the back of the police car, the officer patted him down for weapons and found approximately $3,500 in his pocket and $345 in his sock, which Colzie alternatively explained came from lottery winnings and from cashing his paycheck. The officer testified that he called the girlfriend, who said she had not seen Colzie in a couple of months.

In the meantime, a backup officer began the paperwork to impound the car and conducted an inventory search that uncovered a large quantity of what appeared to be cocaine inside a black satchel behind the passenger seat. At that point Colzie was placed under arrest and read his *Miranda* rights. A narcotics agent took over the investigation and determined that the substance field-tested positive for cocaine and weighed 726.6 grams.

Colzie argues that the scope of the search exceeded the purpose of the traffic stop, and that the impoundment of his car was invalid, therefore making the inventory search unlawful. He contends that an alternative to impoundment existed because the arresting officer

could have called the car's owner, Colzie's aunt, to retrieve the car from the I-20 on-ramp where it was stopped.

1. While Colzie objects to the officer's request to search the car and argues that the officer's investigation exceeded the permissible scope of the traffic stop, the evidence presented at the motion to suppress hearing established that the car Colzie was driving was searched pursuant to the officer's decision to impound it. The evidence Colzie seeks to suppress was found during the inventory search related to the impoundment. Thus the officer's request to search and his suspicions about Colzie are irrelevant to the question before us, which is first whether the vehicle was properly impounded, and then whether the vehicle was properly searched pursuant to the impoundment.

2. "In the interests of public safety and as part of what the Court has called 'community caretaking functions,' automobiles are frequently taken into police custody." (Citation omitted.) *South Dakota v. Opperman*, 428 U. S. 364, 368 (2) (96 SC 3092, 49 LE2d 1000) (1976). "The ultimate test for the validity of the police's conduct in impounding a vehicle is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment." (Citation and punctuation omitted.) *Duvall v. State*, 194 Ga. App. 420, 421 (390 SE2d 647) (1990).

At the motion to suppress hearing, Colzie presented no evidence that the car was actually insured, that his aunt would have been available to retrieve the car, or that such retrieval could have taken place in a reasonable amount of time. As in *Garner v. State*, 154 Ga. App. 839, 841 (1) (269 SE2d 912) (1980), in which the car was impounded because it had no license tag, there is no evidence that Colzie made any request for disposition of the car other than impoundment. Considering the lateness of the hour, the unsafe location, and the car's seeming lack of insurance, the officer's decision was reasonable.

3. Finally, "[t]he contents of an impounded vehicle are routinely inventoried to protect the property of the owner, protect the officers against claims for lost or stolen property, and protect the police from potential danger." (Citations omitted.) *Goodman v. State*, 255 Ga. 226, 229 (13) (336 SE2d 757) (1985). Therefore, once the car was properly impounded, the inventory search that uncovered the drugs was also proper.

The trial court did not err in denying Colzie's motion to suppress.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

Decided October 2, 2002.

*Lawson & Thornton, George O. Lawson, Jr.*, for appellant.
*Patrick H. Head, District Attorney, Marion T. Woodward, Dana J. Norman, Assistant District Attorneys*, for appellee.