A06A0582. CARLISLE v. THE STATE.
(629 SE2d 512)

MIKELL, Judge.
Lawrence Russell Carlisle appeals the order denying his motion for new trial following his conviction of possession of cocaine. In his sole enumeration of error, Carlisle contends that the trial court erred in denying his motion to suppress the cocaine and crack pipes found in his car during an inventory search because his vehicle was improperly impounded. We disagree and affirm.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.[1]

The evidence adduced at the motion hearing shows that on November 8, 2002, two Gwinnett County police officers driving separate marked patrol vehicles stopped for coffee at a Quik Trip on Beaver Ruin Road near Oakbrook Parkway. The first officer to arrive, James Hales, saw Carlisle pull into the parking lot and enter the

---

store. Hales testified that Carlisle appeared nervous and tried to avoid him and the other officer, Josh Davis. Davis testified that he noticed a set of car keys on one of the counters inside the store and told Carlisle that he had left his keys on the counter. Carlisle denied that the keys were his even though, besides the officers and their vehicles, Carlisle was the only customer in the store and there was only one car in the parking lot. According to Hales, Carlisle was very intoxicated, as evidenced by the odor of alcohol emanating from his breath, his bloodshot eyes, his mumbled speech, and his unsteady gait. Hales thought that Carlisle was trying to hide the fact that he was drunk, but when the officer ran his tag through dispatch, he learned that there was an outstanding warrant for Carlisle's arrest. Hales handcuffed Carlisle and placed him in the patrol car.

Hales testified that Carlisle's vehicle was sitting directly in front of the doors to the store and that Carlisle was alone, so no one else was available to drive it. Hales further testified that he asked Carlisle if anyone could pick up the car, but Carlisle said that the only relative he had in the area lived in Cumming, and Hales concluded that it would have taken too long for that person to arrive. Davis testified that the relative lived approximately an hour and a half away from the Quik Trip. According to Hales, the department has a policy of waiting a reasonable time, normally 20 minutes, before having a vehicle towed. Hales testified that he could not have left the vehicle at the Quik Trip because it could have been broken into or otherwise damaged, so he impounded it for safekeeping.

Davis testified that he waited for the wrecker while Hales transported Carlisle to jail. Davis then conducted an inventory search, and he found two crack pipes and a rock of crack cocaine. The trial court found the impoundment reasonably necessary under the circumstances.

Carlisle contends that the impoundment was invalid, rendering the inventory search unlawful. "Inventory searches have been upheld where they serve the legitimate purpose of: (1) protecting the property of a person taken into custody; (2) protecting police from potential dangers; and (3) protecting police against claims for stolen or lost property."[2] To justify an inventory search, however, the impoundment of the vehicle must be valid. Impoundment is valid "only if there is some necessity for the police to take charge of the property."[3] "The ultimate test for the validity of the police's conduct in impounding a vehicle is whether, under the circumstances then confronting the

---

[2] (Citation omitted.) *State v. King*, 237 Ga. App. 729-730 (1) (516 SE2d 580) (1999).

[3] (Citations and punctuation omitted.) *Martin v. State*, 201 Ga. App. 716, 718 (1) (a) (411 SE2d 910) (1991).

police, their conduct was reasonable within the meaning of the Fourth Amendment."[4] The determinative inquiry, therefore, is whether the impoundment was reasonably necessary under the circumstances, not whether it was absolutely necessary.[5] "A police seizure and inventory are not dependent for their validity upon the absolute necessity for the police to take charge of property to preserve it. They are permitted to take charge of property under broader circumstances than that."[6] For example, in *Gooden v. State*,[7] we held that a police department's policy requiring an arrestee's vehicle to be removed from the scene of his arrest within 15 minutes was not unreasonable as a matter of law. In that case, the person whom the arrestee wished to call to pick up the car was 35 to 45 minutes away.[8] The opinion states that even though the vehicle had been moved off the road and would not cause a traffic hazard, "a time requirement for removing the vehicle serves to protect the arrestee's property from theft or damage and the police department from claims for liability for property loss."[9] Similar circumstances are present in this case. The department's policy of waiting 20 minutes was not unreasonable as a matter of law. Further, testimony that the only person available to pick up the car was an hour and a half away and that the vehicle needed to be impounded to prevent theft or damage supports the trial court's finding that impoundment was reasonably necessary under the circumstances.[10] Finally, Carlisle's argument that the officers' refusal to call his relative was unreasonable is meritless. "Police officers are not required to ask whether an arrestee desires to have someone come and get the car, nor are they required to accede to an arrestee's request that they do so."[11]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

---

[4] (Citation and punctuation omitted.) *Duvall v. State*, 194 Ga. App. 420, 421 (390 SE2d 647) (1990).

[5] See *Martin*, supra.

[6] (Citation and punctuation omitted.) *Gaston v. State*, 257 Ga. App. 480, 483 (2) (571 SE2d 477) (2002) (impoundment was reasonable because it was after 2:00 a.m. and the car was in the roadway).

[7] 196 Ga. App. 295 (395 SE2d 634) (1990).

[8] Id. at 296.

[9] Id. at 297.

[10] See, e.g., *King*, supra at 730 (1) (leaving vehicle unattended in public parking lot could have exposed police department to liability); *Duvall*, supra (reasonable for police to impound car because of potential liability in allowing car to remain unattended in a parking lot of a business). Compare *State v. Lowe*, 224 Ga. App. 228, 231 (480 SE2d 611) (1997) (grant of motion to suppress affirmed where vehicle was legally parked in a secure place on private property; property owner did not request that the vehicle be removed; and accused was not asked if there was anyone who could retrieve the vehicle).

[11] (Citations omitted.) *Johnson v. State*, 268 Ga. App. 867, 868 (602 SE2d 876) (2004).

DECIDED MARCH 28, 2006.

*David L. Whitman*, for appellant.
*Daniel J. Porter, District Attorney, Brooke O. Langston, Assistant District Attorney*, for appellee.