## A10A0195. BELL v. THE STATE.
(691 SE2d 573)

MIKELL, Judge.

Derrick Bell appeals his conviction of possession of cocaine with intent to distribute, contending that the trial court erred in denying his motion to suppress the cocaine found during an inventory search of his car. We disagree and affirm.

Construed most favorably to the trial court's findings and judgment,[1] the evidence adduced at the motion hearing shows that on June 14, 2009, City of Atlanta police officer Outhai Keovongkot stopped a vehicle because it had an expired tag. The officer approached the driver, whom he identified at the hearing as Bell, and asked for his driver's license. Bell "produced a yellow piece of paper with his name on it." The officer determined that Bell's license had been suspended and placed him under arrest for driving with a

---

[1] See *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

suspended license and with an expired tag. Upon conducting an inventory search of Bell's vehicle, the officer found 30 baggies of suspected crack cocaine in the center console.

The officer testified that Bell wanted a friend to pick up the vehicle, but the officer refused because he had already found contraband in it. The officer also testified that departmental policy requires that the vehicle be impounded if there is a physical arrest. According to the officer, if the accused is not taken into custody, the vehicle may be released to another person. When the accused is taken into custody, an inventory search must be conducted for the protection of the officer and the department. The trial court found the impoundment reasonable because the car had an expired tag and, thus, could not be driven by anyone.

Police officers may perform an inventory search of a car in preparation for impounding it. "The contents of an impounded vehicle are routinely inventoried to protect the property of the owner, protect the officers against claims for lost or stolen property, and protect the police from potential danger."[2] To justify an inventory search, however, the impoundment of the vehicle must be reasonably necessary.[3]

> Impoundment is valid only if there is some necessity for the police to take charge of the property. The ultimate test for the validity of the police's conduct in impounding a vehicle is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment. The determinative inquiry, therefore, is whether the impoundment was reasonably necessary under the circumstances, not whether it was absolutely necessary.[4]

In the case at bar, the trial court did not err in finding that the impoundment was reasonably necessary. Bell's request that a friend be allowed to pick up the vehicle could not be honored because the vehicle had an expired tag and thus could not be lawfully driven by anyone.[5] "Any vehicle operated in the State of Georgia which is required to be registered and which does not have attached to the

---

[2] (Citation and punctuation omitted.) *Wright v. State*, 276 Ga. 454, 460 (5) (579 SE2d 214) (2003).

[3] *Carlisle v. State*, 278 Ga. App. 528, 529 (629 SE2d 512) (2006).

[4] (Punctuation and footnotes omitted.) Id. at 529-530. See also *Wright*, supra at 461 (5).

[5] See *Garner v. State*, 154 Ga. App. 839, 841 (1) (269 SE2d 912) (1980) (impoundment reasonable where accused was arrested for, inter alia, an expired tag and driving without a license).

rear thereof a . . . current revalidation decal . . . shall be stored at the owner's risk and expense by any law enforcement officer of the State of Georgia."[6] The trial court's finding that the impoundment of Bell's car was reasonably necessary under the circumstances is supported by the evidence and will not be disturbed on appeal.[7]

Bell argues that the officer's conduct was unreasonable because he did not ask Bell how he wanted to dispose of the vehicle. This argument is meritless. "Police officers are not required to ask whether an arrestee desires to have someone come and get the car, nor are they required to accede to an arrestee's request that they do so."[8]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 25, 2010.

*John N. Habib*, for appellant.
*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellee.

---

[6] OCGA § 40-2-8 (b) (1).

[7] See *Garner*, supra; accord *Stringer v. State*, 285 Ga. App. 599, 602 (1) (647 SE2d 310) (2007) (impoundment was reasonable where truck could not lawfully be driven because defendant could not produce proof of insurance); *Colzie v. State*, 257 Ga. App. 691, 692 (2) (572 SE2d 43) (2002) (impoundment reasonable considering vehicle's lack of insurance, unsafe location, and lateness of the hour).

[8] (Punctuation omitted.) *Carlisle*, supra at 530, citing *Johnson v. State*, 268 Ga. App. 867, 868 (602 SE2d 876) (2004).

