## 59741. GARNER v. THE STATE.

CARLEY, Judge.

Garner was indicted for violation of the Georgia Controlled Substances Act, possession of more than one ounce of marijuana. A motion to suppress the contraband was filed and, after a hearing, denied by the trial court, Garner's application for an interlocutory appeal was granted in order to determine whether the seizure of the marijuana was pursuant to a valid inventory search.

The evidence produced at the suppression hearing authorized the following findings: A police officer, on routine patrol in the early morning hours observed a slowly moving vehicle. The automobile was traveling on a major thoroughfare and, in violation of the traffic laws, did not have its lights on. The officer signaled for the vehicle to stop and Garner, the driver, pulled over into the right-hand lane of traffic and parked. When Garner stepped out of his car in accordance with the officer's request, the officer observed that Garner was unsteady on his feet and emitted a strong smell of alcohol. Garner was unable to produce a driver's license and his car bore an expired tag. The officer arrested Garner for driving without a license, driving with an expired license plate, DUI and impeding traffic. Garner was placed in the patrol car and the officer radioed for a tow truck. The officer then moved the vehicle from the roadway where it was blocking traffic and parked it in an adjacent privately-owned parking area. When the tow truck arrived, an inventory search of the car was conducted pursuant to the standard procedure and policy of the Atlanta Police Department. The inventory search produced several items on the front seat, including photographic equipment, several boxes of slides and a cardboard box apparently used for holding photographic paper. These items were removed to the patrol car for later storage. Garner was taken to a hospital for administration of a sobriety test and his automobile was impounded in accordance with departmental procedures and the applicable provisions of the city code. The items removed from Garner's car were delivered by the officer to the department's property management office. There, in an effort to accurately list the items for inventory and not because of any suspicion of illegal activity, the officer opened the closed but unsealed cardboard box. In the box was a black plastic bag, which when opened revealed a clear plastic bag containing material suspected of being marijuana. The substance contained in the bags was sent to the state crime lab and was confirmed to be marijuana. Garner's indictment, motion to suppress and the instant appeal resulted.

1. Garner contests the search of the box and the seizure of the contraband by attacking the underlying validity of the impoundment of his automobile. " '[T]he justification [for the inventory search] is necessarily premised on the validity of the impounding.' [Cit.]. . . [U]nless the rationale for an inventory search inheres in the decision to seize and inventory, the impoundment itself may be 'unreasonable' and the resulting inventory search invalid. [Cit.] 'Inventory searches have two purposes: to protect the vehicle and the property in it, and to safeguard the police or other officers from claims of lost possessions.' [Cit.]" *State v. Thomason,*

153 Ga. App. 345, 349 (265 SE2d 312) (1980). Garner urges, in effect, that there was no evidence that the impoundment of his car was necessary, relying upon the fact that the officer moved the car from its position in the roadway to a private off-street area. *Dunkum v. State,* 138 Ga. App. 321 (226 SE2d 133) (1976). The viability of Garner's motion to suppress is not benefited by this circumstance. The argument that an automobile must be an impediment to traffic before it can be lawfully impounded has been rejected. *Mooney v. State,* 243 Ga. 373, 376 (254 SE2d 337) (1979). "It is well established that a police seizure and inventory is not dependent for its validity upon the absolute necessity for the police to take charge of property to preserve it. They are permitted to take charge of property under broader circumstances than that." *Mooney v. State,* 243 Ga. at 375, supra.

Here, Garner was arrested and separated from his car at approximately 2:15 a.m. He was alone in the car and the apparent owner of it. Compare *State v. Ludvicek,* 147 Ga. App. 784 (250 SE2d 503) (1978). See *Mooney v. State,* 243 Ga. at 377, supra. He made no request that any disposition of the car be made other than impoundment. Compare *State v. Thomason,* 153 Ga. App. 345, supra. Furthermore, even if he had made such a request, it could not have been honored since the vehicle did not bear a valid tag it could not be lawfully driven by anyone, Garner or a designated bailee. "Any vehicle operated in the State of Georgia after April 1, of any year, which is required to be registered, that does not have attached to the rear thereof a numbered license plate and current revalidation sticker, if required, shall be stored at the owner's risk and expense by any law enforcement officer of the State of Georgia. It shall be unlawful and punishable as for a misdemeanor to operate any vehicle required to be registered in the State of Georgia without a valid numbered license plate, properly validated." Code Ann. § 68-214 (h). The impoundment was pursuant to standard departmental procedures and the city code. Under all the circumstances, the trial court's finding that the impoundment of Garner's car was lawful is supported by the evidence and will not be disturbed on appeal. *Mooney v. State,* 243 Ga. 373, supra.

2. Garner urges that the opening of the closed cardboard container and the opaque plastic bag contained therein was not effectuated for the legitimate purpose of an inventory search and was, therefore, outside the permissible scope of such a search. He contends that if his car was lawfully impounded then an inventory search thereof authorized only the seizure of the box and that the box itself should have then been inventoried as a single item without being opened and searched.

"When vehicles are impounded, local police departments generally follow a routine practice of securing and inventorying the automobiles' contents. These procedures developed in response to three distinct needs: the protection of the owner's property while it remains in police custody, [Cit.]; the protection of the police against claims or disputes over lost or stolen property, [Cit.]; and the protection of the police from potential danger, [Cit.]." South Dakota v. Opperman, 428 U. S. 364, 369 (96 SC 3092, 49 LE2d 1000) (1976). "The decisions of this Court point unmistakably to the conclusion reached by both federal and state courts that inventories pursuant to standard police procedures are reasonable . . . In applying the reasonableness standard adopted by the Framers, this Court has consistently sustained police intrusions into automobiles impounded or otherwise in lawful police custody where the process is aimed at securing or protecting the car and its contents." Opperman, 428 U. S. at 372, supra.

" '[W]hen the police take custody of *any sort of container* [such as] an automobile . . . it is reasonable to search the container to itemize the property to be held by the police. [This reflects] the underlying principle that the fourth amendment proscribes only *unreasonable* searches.' [Cit.]" Opperman, 428 U. S. at 371, supra. Garner relies upon United States v. Chadwick, 433 U. S. 1 (97 SC 2476, 53 LE2d 538) (1977) and Arkansas v. Sanders, 443 U. S. 753 (99 SE 2586, 61 LE2d 235) (1979) and urges that the search of the contents of his cardboard box was an "unreasonable" inventory search. We do not believe Chadwick or Sanders afford Garner any support for his attack upon the inventory search of the cardboard box. In both cases, the Supreme Court held that the *investigatory* search of luggage by officers to secure evidence of *criminality* could not be upheld under any exception to the warrant requirement of the fourth amendment. Neither Chadwick nor Sanders was an "inventory" case. Chadwick specifically exempted Opperman and "inventory" searches from its ratio decidendi. "In circumstances involving noncriminal inventory searches, where probable cause to search is irrelevant, we have recognized 'that search warrants are not required, linked as the warrant requirement textually is to the probable-cause concept.' [Citing Opperman.] This is so because the salutary functions of a warrant simply have no application in that context; the constitutional reasonableness of inventory searches must be determined on other bases." United States v. Chadwick, 433 U. S. at 10, fn. 5, supra.

"After Chadwick [and Sanders], the question is whether officers were truly pursuing an investigatory or an inventory search [of containers in their custody.] [Cit.]" *Mooney v. State,* 243 Ga. 373,

384, supra. If the former, the search must be pursuant to a valid search warrant or come within an exception to the warrant requirement. If, however, the search of the container is pursuant to a noninvestigatory inventory search, questions of probable cause, the requirement of a warrant and the applicability of Chadwick and Sanders are irrelevant. The container which Garner urges should not have been opened was lawfully seized by the officer in the course of an inventory search of the impounded car. It was a cardboard box, not luggage. It was closed but not sealed. It was found on the front seat of Garner's car in proximity to photographic equipment and was apparently used to hold photographic papers or other paraphernalia. When the officer inventoried the items recovered from Garner's car, he was doing so pursuant to police procedures. There is no evidence that when the officer opened the box and looked into the opaque bag he did so for investigatory rather than inventory purposes or that instead of Garner's personal photographic possessions which should be inventoried for protection purposes the officer expected to find evidence of Garner's criminality. Compare, e.g., United States v. Diggs, 569 F2d 1264 (3d Cir. 1977). Under these circumstances, we hold the instant search to be "reasonable" because the officer, without any investigative intent, was in good faith carrying out an inventory procedure for the protection of himself and Garner. *Mooney v. State,* 243 Ga. 373, 384, supra. The opening of the box and bag being a reasonable inventory search in which probable cause had no application, Chadwick and Sanders are not on point. The search was not violative of Garner's fourth amendment rights and it was not error to deny his motion to suppress.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Argued April 9, 1980 —
Decided June 12, 1980 —

*Mary J. Wilkes, John R. Martin,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Margaret V. Lines, Assistant District Attorneys,* for appellee.