73077. THE STATE v. EVANS.
(352 SE2d 599)

CARLEY, Judge.

Appellee was indicted for a violation of the Georgia Controlled Substances Act. The State appeals from the trial court's grant of appellee's motion to suppress.

1. The evidence demanded a finding that an impoundment and an inventory of appellee's wrecked and deserted automobile were authorized and the trial court apparently so found. See generally *State v. Izquierdo*, 160 Ga. App. 33, 34 (1) (285 SE2d 769) (1981); *State v. Gilchrist*, 174 Ga. App. 499, 500 (1) (330 SE2d 430) (1985). Compare *Strobhert v. State*, 165 Ga. App. 515 (301 SE2d 681) (1983).

2. The issue for resolution is whether the trial court was authorized to find that the actions of the officer who discovered the evidence constituted an unwarranted investigative search, rather than a valid inventory search, of appellee's automobile.

According to the officer, he arrived at the scene to find only the wrecked and deserted automobile. He then discovered that the keys had also been left with the vehicle. The officer testified that

"[b]ecause of the fact that the ignition key has to go to the impound lot, we have to check the trunk, all the locked spaces, glove compartment for anything of value that could possibly be removed from the car at the lot." Acting pursuant to that standard procedure, the officer opened the trunk of the automobile and saw an unlocked "small black hard plastic molded type carrying case, about fourteen by fourteen" inches in size. According to the officer, "[t]he case gave no indication of what was inside of it so [he] opened it up to see if there was anything of value inside the case." The officer further testified that he "had no idea what was in it. It could have been a gun. It could have been money. It could have been — it could have been anything. [He] had no idea. So that's why [he] opened it." What the case in the trunk of the automobile did in fact contain is the evidence that appellee sought to have suppressed.

After hearing this evidence, the trial court enunciated its reasons for granting appellee's motion. Included among those reasons was the fact that the officer had testified that he "had no idea what" was in the case. The trial court concluded that the officer would not be authorized to open the case unless he had "some reason to believe that something [was] going to be found in there that [was] illegal." The trial court's conclusion that only the existence of probable cause would justify the officer's actions was clearly erroneous. The *absence* of such probable cause as would be necessary to authorize an investigative search is entirely consistent with a valid inventory search of containers. " '[T]he question is whether officers were truly pursuing an investigatory or an inventory search (of containers in their custody.) (Cit.)' [Cit.] If the former, the search must be pursuant to a valid search warrant or come within an exception to the warrant requirement. If, however, the search of the container is pursuant to a noninvestigatory inventory search, questions of probable cause, the requirement of a warrant and the applicability of [*United States v.*] *Chadwick*[, 433 U. S. 1 (97 SC 2476, 53 LE2d 538) (1977)] and [*Arkansas v.*] *Sanders* [, 443 U. S. 753 (99 SC 2586, 61 LE2d 235) (1979)] are irrelevant." *Garner v. State*, 154 Ga. App. 839, 842-843 (269 SE2d 912) (1980). See also *State v. Izquierdo*, supra. The officer's testimony demonstrates the noninvestigative nature of his act of opening the case.

The trial court further concluded that the motion to suppress should be granted because the evidence demonstrated that there was "absolutely no necessity for the police officer to open up" the case. Any conclusion that the officer's actions could be justified only on an evidentiary showing of "necessity" would likewise be erroneous. "It is well established that a police seizure and inventory is *not dependent* for its validity upon the *absolute necessity* for the police to take charge of property to preserve it. They are permitted to take charge

of property under *broader circumstances* than that." (Emphasis supplied.) *Mooney v. State*, 243 Ga. 373, 375 (254 SE2d 337) (1979). In the absence of any Georgia or United States Supreme Court authority to the contrary, we deem the decisive evidentiary issue in cases involving inventory searches of containers to be the existence of "reasonableness" rather than the existence of "exigent circumstances." " ' "When the police take custody of *any sort of container* [such as] an automobile . . . it is reasonable to search the container to itemize the property to be held by the police. [This reflects] the underlying principle that the fourth amendment proscribes only *unreasonable* searches." [Cit.]' [Cit.]" (Emphasis in original.) *Garner v. State*, supra at 842.

With regard to the "reasonableness" of opening appellee's case to inventory its contents rather than leaving it closed and inventorying it as a unit, the underlying purposes of an inventory search must be considered. "The first purpose of an inventory search is 'the protection of the owner's property while it remains in police custody.' [Cit.] To require a package to be inventoried as a unit without even a cursory inspection when the contents of that package may possess unique qualities requiring special storage conditions would defeat this purpose. . . . [T]he purpose would be better served if the officer is authorized to examine the contents of the package, if only to the extent necessary to determine whether special care is needed." *State v. Izquierdo*, supra at 35-36. The second purpose of an inventory search is " 'the protection of the police against claims or disputes over lost or stolen property. . . .' [Cit.]" *Garner v. State*, supra at 842. The uncontroverted evidence shows that both of these purposes were served by the inventory search conducted in the case at bar. The container was a plastic box, not a readily identifiable piece of personal luggage. It might have contained property requiring special storage or it might have contained valuables. It was closed, but not sealed. The evidence shows that the officer opened the case solely for inventory rather than investigatory purposes and did not expect to find therein any evidence of appellee's criminality. "Under these circumstances, we hold the instant search to be 'reasonable' because the officer, without any investigative intent, was in good faith carrying out an inventory procedure for the protection of himself and [appellee]. [Cit.] The opening of the [case] being a reasonable inventory search in which probable cause had no application, . . . The search was not violative of [appellee's] fourth amendment rights and it was . . . error to [grant] his motion to suppress." *Garner v. State*, supra at 843. See also *State v. Izquierdo*, supra at 34 (1). Compare *Gaston v. State*, 155 Ga. App. 337 (270 SE2d 877) (1980).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED DECEMBER 4, 1986 —
REHEARING DENIED DECEMBER 19, 1986 —

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Raymond C. Mayer, Benjamin H. Oehlert III, Alfred D. Dixon, Assistant District Attorneys, for appellant.
Guy E. Davis, Jr., for appellee.