A89A1809. PIERCE v. THE STATE.
(391 SE2d 3)

POPE, Judge.

Defendant Willie James Pierce was convicted by a jury of trafficking in cocaine, possession of marijuana and driving with a suspended license. He appeals from the denial of his motion for new trial, arguing that the trial court erred in denying his motion to suppress evidence found during the inventory search of his automobile. We affirm.

Deputy Sheriff Mark Robinson testified that he initially stopped the defendant, who was traveling alone, for weaving over the centerline. When it was ascertained that defendant's Florida driver's license had been suspended, defendant was transported to the Jones County Sheriff's Department and the rental car he was driving was locked and left parked on the side of the highway. At the Sheriff's office Robinson explained to defendant the procedure for posting bond for the charge and advised him he was impounding his car. Robinson gave defendant the choice of having the car stowed at the Sheriff's Department or in a locked fence at the wrecker company Robinson had contacted to remove the car from the highway and defendant chose the latter. However, Robinson advised the wrecker company to first bring the car to the Sheriff's Department for the purpose of conducting an inventory search to record all property found in the vehicle. This search revealed the evidence which was the subject of defendant's motion to suppress, to wit, 996.3 grams of cocaine, located in a Fruit Loops Cereal Box and 4.6 pounds of marijuana, located in several grocery bags.

1. "[Defendant] contests the search of the [car] and the seizure of the contraband by attacking the underlying validity of the impoundment of his automobile. The justification for the inventory search is necessarily premised on the validity of the impounding. (Cit.) Unless the rationale for an inventory search inheres in the decision to seize and inventory, the impoundment itself may be unreasonable and the resulting inventory search invalid. (Cit.) Inventory searches have two purposes: to protect the vehicle and the property in it, and to safeguard the police or other officers from claims of lost possessions. (Cit.) *State v. Thomason*, 153 Ga. App. 345, .349 (265 SE2d 312) (1980). [Defendant] urges, in effect, that there was no evidence that the impoundment of his car was necessary, relying upon the fact that the officer [testified that the car was moved off] the roadway [and was not impeding traffic]. *Dunkum v. State*, 138 Ga. App. 321 (226 SE2d 133)

(1976). The viability of [defendant's] motion to suppress is not benefited by this circumstance. The argument that an automobile must be an impediment to traffic before it can be lawfully impounded has been rejected. *Mooney v. State*, 243 Ga. 373, 376 (254 SE2d 337) (1979). It is well established that a police seizure and inventory is not dependent for its validity upon the absolute necessity for the police to take charge of property to preserve it. They are permitted to take charge of property under broader circumstances than that. *Mooney v. State*, 243 Ga. at 375, supra." (Punctuation omitted.) *Garner v. State*, 154 Ga. App. 839, 840-41 (269 SE2d 912) (1980).

In this case defendant was the sole occupant of an out-of-state rental car and the only other authorized driver listed on the rental agreement was located in Miami, Florida. Robinson testified that departmental policy left it to the discretion of the officer to impound the vehicle when there was no one other than the arrestee to drive the vehicle, and policy dictated that officers conduct an inventory search of all impounded vehicles. "Under all the circumstances, the trial court's finding that the impoundment of [defendant's] car was lawful is supported by the evidence and will not be disturbed on appeal." *Garner*, supra at 841. See also *State v. Evans*, 181 Ga. App. 422 (352 SE2d 599) (1986).

2. Contrary to defendant's argument on appeal, he was not entitled to surrender his *suspended* Florida driver's license in lieu of bail, see OCGA § 17-6-11 (a), and thereby avoid impoundment of his vehicle.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 29, 1990 —
REHEARING DENIED FEBRUARY 13, 1990 —

*Wilson B. Mitcham, Jr.*, for appellant.
*Joseph H. Briley, District Attorney*, for appellee.