A91A1021. FITZGERALD v. THE STATE.
(411 SE2d 102)

COOPER, Judge.

Appellant appeals from his conviction by a jury of simple battery.

The evidence adduced at trial and at a hearing on several pretrial motions reveals that the victim, who was shopping at a K-Mart with her children, first noticed appellant standing in the checkout line behind her. When the victim exited the store and walked out into the parking lot, she saw appellant standing on the sidewalk next to the store building with a camcorder to his eye. The victim stated that appellant was moving such that she assumed he was filming into the parking lot. The victim and her children walked on to their van and

did not turn around to observe appellant. The victim let her children into the van on the passenger side, shut the door and walked around the back of the van. She was unlocking the driver's door of the van when she felt something brush against her leg, on the back of her thigh. The victim turned around to see appellant standing three or four feet behind her holding a camcorder, and the victim stated at that point she knew that appellant was trying to film under her dress although she could not remember the exact position of the camcorder when she faced appellant. As the victim confronted appellant, he began walking very fast across the parking lot. The victim yelled after him to stop, and appellant then turned around and began coming back toward the victim at which point the victim obtained the assistance of someone else who was in the parking lot. Appellant denied the victim's charges, they all went inside to K-Mart security and the police were called to the scene. Appellant kept the camera in his possession until the victim requested K-Mart security to take it from him. The victim testified that he was pushing buttons and fiddling with the camera until it was taken away. The camcorder and the tape inside were admitted as evidence. The tape contained several segments — first, it showed innocent home movies with teenagers; then it showed pictures of women in bathing suits and nude pictures of women, focusing on the breast and crotch areas of the subjects; followed by X-rated tapes with no sound; and toward the end of the tape was a black part followed by the conversation of persons in K-Mart who were looking at the tape and the camera. After appellant's arrest, the police impounded his car which was parked in the K-Mart lot, and performed an inventory search. The search yielded several pieces of new, expensive camera equipment. The officer who performed the search stated that the arresting officer told him to impound and inventory the car because K-Mart security wanted the vehicle off K-Mart property. The officer also stated that it was his department's policy to impound a vehicle if the owner of the car is arrested and if the owner of the property requests the removal of the vehicle. He further testified that any expensive equipment found inside a vehicle is taken out of the vehicle to safeguard it from being stolen. A K-Mart security employee testified that he asked the police to remove the car from the parking lot to avoid responsibility on the part of K-Mart. At trial, appellant denied the victim's charges and contended that he approached the area of the victim's van from a different direction than described by the victim. He denied that he ever touched the victim or that he attempted to place the camcorder up her dress.

1. Appellant first enumerates as error the denial of his motion for a directed verdict on the grounds that the only evidence of appellant actually touching the victim is circumstantial. " ' "(T)o warrant a con-

viction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." [Cit.] . . . [Cit.]' . . . 'Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law.' [Cit.]" *Hicks v. State*, 195 Ga. App. 887 (1) (395 SE2d 341) (1990). " '(A) defendant is entitled to a directed verdict "(w)here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . ." [Cit.]' [Cit.]" *Leonard v. State*, 197 Ga. App. 221 (3) (398 SE2d 250) (1990). The evidence of appellant's guilt adduced at trial, even though circumstantial, did not demand a directed verdict. The jury judged the credibility of the witnesses and weighed the evidence and its verdict is supported by the evidence. The denial of the directed verdict was not in error.

2. Appellant next asserts that the trial court erred in allowing the State to introduce the application for the arrest warrant signed by the victim. The application stated that the appellant's camcorder brushed the victim's dress, while the warrant itself stated that the appellant placed a camcorder up the back of the victim's dress. Defense counsel cross-examined the victim on the warrant and had the warrant marked as a defense exhibit but did not introduce the warrant into evidence. On redirect, the State introduced the warrant and the application into evidence. The court admitted the warrant and the application but did not allow the documents to go into the jury room. " ' "The rule of evidence is, that when an admission, conversation or declaration previously made by a party or a witness is pertinent, the side tendering evidence as to the same is at liberty to prove such portion only thereof as is deemed material, and the other side may then bring out the whole of the admission, conversation or declaration, so far as so doing may be essential in order to arrive at the true drift, intent and meaning of what was said on the previous occasion. (Cit.)" (Cit.)' [Cit.]" *Thomas v. State*, 196 Ga. App. 88 (2) (395 SE2d 615) (1990). The application and the warrant, while worded differently, are not inconsistent and together constitute the victim's declaration of what occurred. Once the warrant had been raised on cross-examination, the State was allowed to introduce the application and the warrant to fully disclose the substance of the victim's statement. See *Peacock v. State*, 170 Ga. App. 309, 312 (316 SE2d 864) (1984).

3. In his third enumeration, appellant argues that the court erred by failing to suppress the evidence seized by the police during the inventory search of appellant's car. " '(Appellant) contests the search of the (car) and the seizure of [the camera equipment] by attacking

the underlying validity of the impoundment of his automobile. The justification for the inventory search is necessarily premised on the validity of the impounding. . . . The argument that an automobile must be an impediment to traffic before it can be lawfully impounded has been rejected. [Cit.] It is well established that a police seizure and inventory is not dependent for its validity upon the absolute necessity for the police to take charge of property to preserve it. They are permitted to take charge of property under broader circumstances than that. [Cit.]' [Cit.]" *Pierce v. State*, 194 Ga. App. 481 (1) (391 SE2d 3) (1990). Considering the circumstances of appellant's arrest, K-Mart's request to the police to remove the car and the police department's policy regarding the removal of property for safekeeping, " 'the trial court's finding that the impoundment of [appellant's] car was lawful is supported by the evidence and will not be disturbed on appeal.' [Cits.]" *Pierce*, supra at 482. This case can be distinguished from *Dunkum v. State*, 138 Ga. App. 321 (9) (226 SE2d 133) (1976) in that K-Mart, the owner of the property on which the car was parked, affirmatively requested the police to remove the car.

4. Appellant's final enumeration states that the court erred in allowing the tape from the camcorder to be played to the jury because it was prejudicial and placed the character of appellant in issue. We disagree. " ' "Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. . . ." (Cits.)' [Cit.] 'The fact that such part of the res gestae incidentally placed (appellant's) character in issue does not render it inadmissible. (Cits.)' [Cit.]" *Miller v. State*, 197 Ga. App. 691 (2) (399 SE2d 281) (1990). The trial court did not err in concluding that the contents of the tape were admissible as part of the res gestae of the entire occurrence. Further, the portion of the tape alleged to be prejudicial was sufficiently similar to the subject matter allegedly filmed in the instant case as to render it "relevant to motive, intent and course of conduct and was not rendered inadmissible because it incidentally placed appellant's character in issue. [Cit.]" *Millis v. State*, 196 Ga. App. 799 (1) (397 SE2d 71) (1990). Appellant's enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Michael G. Schlosberg*, for appellant.
*Patrick H. Head, Solicitor, Beverly M. Collins, Phillip M. Goldstein, Assistant Solicitors*, for appellee.