A99A0446. THE STATE v. KING.
(516 SE2d 580)

Judge Harold R. Banke.

Beverly Mae King was charged with shoplifting, theft by receiving, and giving a false name to a police officer. Enumerating two errors, the State appeals the grant of King's motion to suppress.

At the suppression hearing, Officer Ray C. West testified that at about 6:37 p.m., he responded to a report of a shoplifting incident at a Bass Outlet store in Calhoun. West intercepted King outside the store in possession of a leather pocketbook, identified as belonging to the store. Bass Outlet officials decided to prosecute King who lived in Atlanta. As West placed King into his patrol vehicle, she volunteered that she was "going to be on the level" and that she had not provided her correct name and other information to him. West then advised King that she was under arrest for giving a false name to a police officer and apprised her of the *Miranda* warnings. At this point, West told her he was going to inventory her vehicle because it had to be impounded and then asked whether her vehicle contained any stolen merchandise. She responded in the affirmative and told him that an accomplice who was with her had taken the merchandise. Neither King nor her friend were from the local area. An inventory search of King's vehicle revealed numerous items of new clothing concealed in two garbage bags. *Held*:

1. The State contends that because it had a right to impound King's vehicle, the trial court erred in granting King's motion to suppress the results of the inventory search conducted pursuant to that impoundment.

Where the evidence is uncontroverted and no question about the credibility of witnesses is presented, a trial court's application of law to the undisputed facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994); *State v. Haddock*, 235 Ga. App. 726, 727 (1) (510 SE2d 561) (1998).

The decisive evidentiary issue in cases involving inventory searches is the existence of reasonable circumstances rather than exigent circumstances. *Waggoner v. State*, 228 Ga. App. 148, 149 (1) (491 SE2d 88) (1997); *State v. Evans*, 181 Ga. App. 422, 423-424 (2) (352 SE2d 599) (1986). Inventory searches have been upheld where they serve the legitimate purpose of: (1) protecting the property of a person taken into custody; (2) protecting police from potential dangers; and (3) protecting police against claims for stolen or lost prop-

erty. *Williams v. State*, 204 Ga. App. 372, 373 (419 SE2d 351) (1992). But where the impoundment is unreasonable, then the resulting inventory search is invalid. *State v. King*, 191 Ga. App. 706, 707 (382 SE2d 613) (1989). Impoundment is not generally permissible when the driver is arrested but a reliable friend is present, authorized, and capable of safely removing the vehicle. Id.

In this case, the owner of the vehicle was under arrest, she had implicated her companion in criminal activity, and no one else remained to take custody of the car and remove it from the shopping center premises. See *Evans v. State*, 216 Ga. App. 21, 24 (2) (453 SE2d 100) (1995). Although the officer did not inquire whether King could make other arrangements for the retrieval of her car, he was not required to do so. *Williams*, 204 Ga. App. at 373. West explained that it was standard procedure, in circumstances like these, to inventory the vehicle and call in a wrecker in order to shield the department and the officer from liability.

After the lawful arrest of King, the police became responsible for timely safeguarding King's property, until it could be lawfully disposed of, in the ordinary course of police business. *Jones v. State*, 187 Ga. App. 421, 424 (370 SE2d 784) (1988); see *Pierce v. State*, 194 Ga. App. 481, 482 (391 SE2d 3) (1990). Impounding the vehicle served the dual purpose of protecting King's property and protecting police from potential claims for lost possessions. *Waggoner*, 228 Ga. App. at 149. Otherwise, to have left the vehicle unattended in a public lot near the close of business, with numerous property items in plain view, could have potentially exposed the police department to liability for property lost, damaged, or stolen from the vehicle. See *Jones*, 187 Ga. App. at 424.

2. In light of this holding, we need not address the State's remaining enumeration of error.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 22, 1999.

*T. Joseph Campbell, District Attorney, Rebecca B. Paris, Assistant District Attorney*, for appellant.

*White & Choate, Harold J. Choate III*, for appellee.