## A04A1381. JOHNSON v. THE STATE.
### (602 SE2d 876)

BARNES, Judge.

After the trial court denied his motion to suppress, Robert William Johnson stipulated that the substance police found in his car was 31.5 grams of methamphetamine. In a bench trial, the court found him guilty of trafficking in methamphetamine and of two traffic offenses, sentencing him to serve eleven years in prison and pay a $200,000 fine. He appeals, contending that the trial court erred in denying his motion to suppress. For the reasons that follow, we affirm his convictions.

The Fayette City police responded to a complaint of a disturbance at Johnson's place of business. When they arrived, Johnson was "extremely agitated" and "appeared to be under some kind of stimulant, some kind of drug. He was very hyped up, very agitated." Johnson testified that someone had stolen $1,500 worth of tools from his shop, and he "got into an altercation" with the employee of a business that shared his building. One of the responding officers testified that Johnson was "pretty perturbed, pretty upset . . . [and] mad." Johnson had made threats "to the other parties in reference to a gun, in reference to killing him." The police took possession of Johnson's gun "for safe keeping until the situation calmed down," and

Johnson responded, "That's fine, go ahead, take the gun; I'll have another gun within an hour."

Meanwhile, a background check uncovered that Johnson's driver's license was suspended for failure to appear at a hearing, although no bench warrant had been issued. The officer parked about 200 yards up the road from Johnson's business, and eventually Johnson drove away from his shop in a Jeep. The officer stopped and arrested him for driving without a license and driving with defective equipment, a taped tail light. A search incident to the arrest uncovered the drugs, along with a large amount of cash.

In cases involving the review of the denial of a motion to suppress, we must construe the evidence most favorably to uphold the findings and judgment of the trial court, and we must adopt that court's findings as to disputed facts and credibility unless they are clearly erroneous. *Wells v. State*, 227 Ga. App. 521 (489 SE2d 307) (1997).

Johnson first argues that the trial court erred in denying his motion to suppress because the officer had already "released" the car to Johnson, who then arranged for his sister to come pick it up. Because no need existed to impound the car, the subsequent search was not permissible as an inventory search, he asserts.

Police officers are not required to ask whether an arrestee desires to have someone come and get the car, nor are they required to accede to an arrestee's request that they do so. *State v. King*, 237 Ga. App. 729, 730 (1) (516 SE2d 580) (1999); *Williams v. State*, 204 Ga. App. 372, 374 (419 SE2d 351) (1992). The determinative inquiry is whether impoundment was reasonable, not whether it was absolutely necessary. *King*, supra at 729-730.

In any event, the drugs found in Johnson's car were not seized during an inventory, and the record does not confirm that the police officer had "released" the car to Johnson. Instead, the officer had relayed to the radio dispatcher a request from Johnson to his mother to come get the car. The officer testified that, before receiving confirmation that someone would be able to retrieve the car for Johnson, he began searching the car incident to the arrest, expecting to find the gun Johnson had earlier threatened to obtain. Once he discovered the drugs and cash, he no longer intended to release the car and asked the radio dispatcher to notify Johnson's mother to that effect.

Further, "we must recognize the broad scope of authority granted to police officers in conducting searches of automobiles pursuant to the search incident to arrest exception. In this situation, the authority to search extends to the entire passenger compartment of the automobile and any closed containers therein." (Citation and punctuation omitted.) *Vega v. State*, 236 Ga. App. 319, 320 (512 SE2d 65) (1999).

Under these circumstances, the trial court did not err in denying Johnson's motion to suppress the drugs found in his car after he was arrested.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED AUGUST 2, 2004 — 

*Lenzer & Lenzer, Robert W. Lenzer, Robert R. McNeill,* for appellant.

*William T. McBroom III, District Attorney, Jamie K. Inagawa, Assistant District Attorney,* for appellee.