### A05A1396. WILEY v. THE STATE.
(616 SE2d 832)

MILLER, Judge.

Harold Wiley appeals his conviction for burglary on the ground that the trial court erred in denying his motion to suppress. We discern no error and affirm.

Where, as here, the evidence at the hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). The trial court's decision will not be disturbed if there is evidence to support it. *Taylor v. State*, 263 Ga. App. 420, 422 (2) (587 SE2d 791) (2003).

At the hearing on the motion, a police officer testified that on March 6, 2002, at around 3:30 a.m., he saw a U-Haul truck speeding down the road with its headlights off. The officer pulled the truck over and approached the driver, Wiley. The officer ran Wiley's information through a police unit computer and discovered that Wiley's driver's license had been suspended. The officer also noticed huge bulges in

---

Wiley's pockets. Believing that Wiley may have been carrying weapons, the officer patted him down. The officer asked Wiley to remove the items in his pockets, and Wiley did so, pulling out nearly $15,000 in cash.

The officer checked Wiley's rental agreement, which indicated that only Wiley was authorized to drive the truck. The officer therefore concluded that Wiley's passenger could not drive the truck. Based on this conclusion and the fact that the officer did not want to create a safety hazard by leaving the truck at the scene, the officer decided to impound the vehicle.

Consistent with their departmental policy, the police conducted an inventory search of the impounded truck. During the search, they found tin snips, a crowbar, screwdrivers, and other tools that the police suspected were used in connection with a burglary in the area. Wiley was later convicted of burglary, and he now appeals.

1. Wiley contends that the trial court erred in denying his motion to suppress because the police improperly impounded the U-Haul truck, which made the search of the truck invalid. We disagree.

> The state may inventory the contents of a car that has been lawfully impounded. Justification of an inventory search is thus premised upon the validity of the impoundment. . . . While the police may not impound a car to search for contraband, they may impound a vehicle if they must take charge of it for some reason. . . . The ultimate test for the validity of the police's conduct is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment.

(Citations, punctuation and emphasis omitted.) *Johnson v. State*, 263 Ga. App. 443, 445 (1) (587 SE2d 775) (2003).

Here, the police stopped the U-Haul truck late at night and discovered that the only authorized driver of the truck had a suspended driver's license. The officer on the scene could not allow Wiley to continue driving the truck, nor could he leave the truck at the scene, creating a potential hazard. Under these circumstances, the trial court's finding that the impoundment of Wiley's rental car was lawful is supported by the evidence and will not be disturbed here. *Pierce v. State*, 194 Ga. App. 481, 481-482 (1) (391 SE2d 3) (1990) (police properly impounded and searched rental car where only driver present had suspended license).

2. Wiley argues for the first time on appeal that evidence of the items seized in the inventory search should have been suppressed because the police improperly detained him during the traffic stop and when he went to the police station to recover the impounded

truck. Since Wiley did not raise these arguments below, he has waived review of them here. *Bellamy v. State*, 243 Ga. App. 575, 579 (1) (c) (530 SE2d 243) (2000).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JUNE 27, 2005.

*Maria Murcier-Ashley*, for appellant.
*Patrick H. Head, District Attorney, Laura J. Murphree, Amelia G. Pray, Assistant District Attorneys*, for appellee.