## A11A0670. GRIZZLE v. THE STATE.
(713 SE2d 701)

DILLARD, Judge.

Following trial, a jury convicted James Grizzle on one count each of possession of methamphetamine with intent to distribute, possession of MDMA ("ecstasy"), possession of a firearm during the commission of a felony, misdemeanor and felony fleeing or attempting to elude a police officer, and numerous traffic offenses. Grizzle appeals the denial of his motion to suppress evidence and the resulting convictions, arguing that the trial court erred in (1) finding that the impoundment and subsequent inventory search of his motorcycle was reasonably necessary; and (2) ruling that the opening of a bag, which was found during the vehicle inventory search, was lawful. For the reasons noted infra, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that in the early evening hours of June 21, 2008, several Georgia State Patrol officers set up a roadblock on State Highway 52 in Hall County to check motorists for compliance with licensing, insurance, registration, seat belt, and DUI laws. A short time after the officers began checking vehicles, a motorcyclist (later identified as James Grizzle) slowly approached the roadblock but then sped through, ignoring the officers' orders to stop. A high-speed chase ensued, and then ended a few minutes later when the officers forced Grizzle's motorcycle off the road and into a ditch. Immediately, the officers arrested Grizzle, who was amazingly uninjured, and, after finding over $4,000 in his pocket, placed him in the back seat of a patrol vehicle.

Subsequently, the officers ran a computer check on Grizzle's license and determined that it was expired. At that time, the officers also determined that Grizzle's motorcycle was uninsured and that its displayed license tag was registered to a different vehicle. Based on this information, the officers decided that they could not allow anyone else to drive Grizzle's motorcycle, and that they would need to call a wrecker service to have the vehicle impounded. After calling the wrecker service, one of the officers conducted an inventory search of the motorcycle pursuant to Georgia State Patrol policy, which entailed listing in detail any items of value found in the

---

[1] *See, e.g., Goolsby v. State*, 299 Ga. App. 330, 330-31 (682 SE2d 671) (2009); *see also Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

vehicle. During that search, the officer found a zippered, red bag in the storage compartment under the motorcycle's seat, which contained two bags of methamphetamine, a bag of MDMA (ecstasy), and a loaded pistol.

Thereafter, Grizzle was indicted on one count each of possession of methamphetamine with intent to distribute,[2] possession of MDMA,[3] possession of a firearm during the commission of a felony,[4] misdemeanor and felony fleeing or attempting to elude a police officer,[5] failure to provide proof of insurance,[6] possessing an invalid driver's license,[7] affixing a license plate for purpose of concealing the identity of a vehicle,[8] and several other traffic offenses. Prior to trial, Grizzle filed a motion to suppress the evidence found as a result of the inventory search of his motorcycle. The trial court held a hearing on the issue (during which only the officers involved testified), and ultimately denied the motion. Grizzle was then tried before a jury and found guilty on all counts of the indictment. Grizzle filed a motion for new trial, which the trial court denied. This appeal follows.

At the outset, we note that "[w]hen reviewing a trial court's decision on a motion to suppress, this Court's responsibility is to ensure that there was a substantial basis for the decision."[9] In doing so, we are guided by the following principles: (1) the trial judge sits as the trier of fact on a motion to suppress, and his findings should not be disturbed if there is any evidence to support them; (2) the trial court's decision as to questions of fact and credibility "must be accepted unless clearly erroneous"; and (3) we must "construe the evidence most favorably to the upholding of the trial court's findings and judgment."[10] Nevertheless, when "the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review."[11] With these guiding prin-

---

[2] OCGA § 16-13-30 (b).

[3] OCGA § 16-13-30 (a).

[4] OCGA § 16-11-106 (b).

[5] OCGA § 40-6-395 (a), (b) (1), (5) (A) (i).

[6] OCGA § 40-6-10 (b).

[7] OCGA § 40-5-20 (a).

[8] OCGA § 40-2-7.

[9] *Dover v. State*, 307 Ga. App. 126, 127 (1) (704 SE2d 235) (2010) (punctuation and footnote omitted).

[10] *Polizzotto v. State*, 248 Ga. App. 814, 816 (1) (547 SE2d 390) (2001) (citation and punctuation omitted). This Court may also consider testimony adduced at trial in addition to the testimony submitted during the motion to suppress hearing. *See Postell v. State*, 279 Ga. App. 275, 276 (1) (630 SE2d 867) (2006).

[11] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

ciples in mind, we will now address Grizzle's enumerations of error in turn.

1. Grizzle first contends that the trial court erred in denying his motion to suppress evidence, arguing that the impoundment and subsequent inventory search of his motorcycle were not reasonably necessary. We disagree.

It is well established that "[c]ases supporting the State's right to impound a vehicle incident to the arrest of a person in control of it are founded on a doctrine of necessity."[12] Under that doctrine, "[w]hile the police may not impound a car to search for contraband, they may impound a vehicle if they must take charge of it for some reason."[13] And ultimately, the "test for the validity of the police's conduct is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment."[14] More specifically, the test "is whether the impoundment was reasonably necessary under the circumstances, not whether it was absolutely necessary."[15] Furthermore, subsequent to a reasonable impoundment, "[t]he contents of an impounded vehicle are routinely inventoried to protect the property of the owner, protect the officers against claims for lost or stolen property, and protect the police from potential danger."[16] Finally, inventories conducted by the police pursuant to standard police procedures are deemed to be reasonable under the Fourth Amendment.[17]

In the case sub judice, the trial court did not err in finding that the officers' conduct in impounding Grizzle's motorcycle was reasonably necessary. Following the high-speed chase, Grizzle was arrested for attempting to elude police and for several traffic offenses, including driving with an expired license, and therefore, at that time, he was not going to be allowed to drive his motorcycle under any circumstances. And even if Grizzle had requested that officers allow someone of his choosing to take possession of his motorcycle, such a request could not be honored because his motorcycle was uninsured and displayed a license tag that was actually registered to a different vehicle. Thus, the motorcycle could not be lawfully driven by

---

[12] *Dover*, 307 Ga. App. at 128 (1) (a) (punctuation and footnote omitted).

[13] *Lewis v. State*, 294 Ga. App. 607, 611 (2) (669 SE2d 558) (2008) (citation and punctuation omitted).

[14] *Id.* (citation, punctuation and footnote omitted).

[15] *Carlisle v. State*, 278 Ga. App. 528, 530 (629 SE2d 512) (2006) (footnote omitted).

[16] *Wright v. State*, 276 Ga. 454, 460 (5) (579 SE2d 214) (2003) (citation and punctuation omitted); *see South Dakota v. Opperman*, 428 U. S. 364, 369 (2) (96 SC 3092, 49 LE2d 1000) (1976).

[17] *See Opperman*, 428 U. S. at 372 (3).

anyone.[18] Accordingly, the trial court's finding that the impoundment of Grizzle's motorcycle was reasonably necessary under the circumstances is supported by the evidence and will not be disturbed on appeal.

2. Grizzle further contends that the trial court erred in finding that the officer's opening of the zippered, red bag, which was found during the inventory search of his motorcycle, was lawful. Again, we disagree.

The United States Supreme Court has held that "an inventory search may be 'reasonable' under the Fourth Amendment even though it is not conducted pursuant to a warrant based upon probable cause."[19] In this respect, "an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence," but instead "[t]he policy or practice governing inventory searches should be designed to produce an inventory."[20] Pursuant to these principles, and as previously noted supra, "[t]he first purpose of an inventory search is the protection of the owner's property while it remains in police custody" and "[t]he second purpose . . . is the protection of the police against claims or disputes over lost or stolen property."[21] And in *State v. Evans*,[22] this Court recognized that taking an inventory of the contents in a closed container in the trunk of a vehicle serves both of these purposes.

Here, one of the officers involved in Grizzle's arrest testified during the hearing on the motion to suppress that Georgia State Patrol policy requires vehicle inventories that include listing all items of value found in the vehicle. Additionally, the officer who conducted the inventory of Grizzle's motorcycle specifically testified that he did so pursuant to State Patrol policy and, in doing so, completed a standard inventory form that required listing all items of value found in the vehicle. Indeed, that officer testified that the

---

[18] *See Bell v. State*, 302 Ga. App. 519, 520-21 (691 SE2d 573) (2010) (holding that impoundment was reasonable, despite defendant's request that friend be allowed to pick up vehicle, because vehicle had an expired tag and could not be lawfully driven); *Stringer v. State*, 285 Ga. App. 599, 602 (1) (647 SE2d 310) (2007) (impoundment was reasonable when truck could not lawfully be driven because defendant could not produce proof of insurance); *Garner v. State*, 154 Ga. App. 839, 841 (1) (269 SE2d 912) (1980) (impoundment reasonable when accused was arrested for, *inter alia*, an expired tag and driving without a license); *see also* OCGA § 40-2-8 (b) (1) (providing that "[a]ny vehicle operated in the State of Georgia which is required to be registered and which does not have attached to the rear thereof a numbered license plate and current revalidation decal . . . shall be stored at the owner's risk and expense by any law enforcement officer of the State of Georgia").

[19] *Colorado v. Bertine*, 479 U. S. 367, 371 (107 SC 738, 93 LE2d 739) (1987).

[20] *Florida v. Wells*, 495 U. S. 1, 4 (110 SC 1632, 109 LE2d 1) (1990).

[21] *Lopez v. State*, 286 Ga. App. 873, 877 (3) (650 SE2d 430) (2007) (punctuation and footnote omitted); *see Opperman*, 428 U. S. at 369 (2).

[22] 181 Ga. App. 422, 424 (2) (352 SE2d 599) (1986).

purpose of conducting such inventories is to protect the department from claims of theft, explaining that "everything will be listed on there that was in that vehicle at the time" in case the owner later claims that something was taken. Based on this testimony, there is evidence to support the trial court's finding that the officers' search of the zippered, red bag was conducted pursuant to State Patrol procedures, which required that all items of value be listed and, thus, did not exceed the permissible scope of the inventory search of Grizzle's motorcycle.[23] Moreover "there was no showing that the police, who were following standardized procedures, acted in bad faith or for the sole purpose of investigation."[24] Accordingly, the trial court did not err in denying Grizzle's motion to suppress.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 6, 2011 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Charles E. W. Barrow*, for appellant.
*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District Attorney*, for appellee.

---

[23] *See Bertine*, 479 U. S. at 374 (holding that opening of backpack found in vehicle's back seat did not exceed the scope of reasonable police procedure related to inventory search that included opening closed containers); *Lopez*, 286 Ga. App. at 877 (3) (holding that opening of closed container in trunk of vehicle served purpose of inventory search); *Taylor v. State*, 228 Ga. App. 325, 326-27 (1) (a) (491 SE2d 417) (1997) (holding that trooper's testimony that locked briefcase would have been opened to inventory its contents was evidence of reasonable inventory search); *Evans*, 181 Ga. App. at 424 (2) (same). *Compare Wells*, 495 U. S. at 4-5 (holding that inventory search violated Fourth Amendment because there was no evidence that officers had any policy regarding search of closed containers).

[24] *Bertine*, 479 U. S. at 372.