## S11G0643. BOYKINS v. THE STATE.
(717 SE2d 474)

THOMPSON, Justice.

Following a stipulated bench trial, appellant Reginald Boykins was convicted of possession of cocaine and sentenced to four years imprisonment. He appealed his conviction and the denial of his motion to suppress drug evidence seized from his vehicle to the Court of Appeals, arguing that the vehicle search violated his Fourth Amendment rights under the United States Constitution. The Court of Appeals affirmed, *Boykins v. State*, 307 Ga. App. 404 (705 SE2d 186) (2010), and we granted certiorari to determine whether the Court of Appeals erred in its application of *Arizona v. Gant*, 556 U. S. 332 (129 SC 1710, 173 LE2d 485) (2009), to the facts of this case. For the reasons stated below, we reverse.

1. Viewed in the light most favorable to the verdict, the factfinder was authorized to find that on the night of the crime Officer Morales of the DeKalb County Police Department saw appellant pull his vehicle up and talk to a woman walking in a high crime area. Appellant quickly drove off when Morales turned the patrol car around. Suspecting prostitution, Morales asked the woman if she knew the man in the car. She said no. Morales drove into the nearby apartment complex and saw the vehicle pull into a parking space. He pulled behind the vehicle, got out, and asked appellant for his identification. Appellant said his identification was in his apartment, but he gave Morales his name and birth date. After discovering appellant had an outstanding probation arrest warrant, Morales asked appellant to get out of the car, put him in handcuffs and placed him in the custody of a second officer. Morales then searched appellant's vehicle, finding cocaine in the center console.

2. Prior to trial, appellant moved to suppress the drug evidence on the ground that the search of his vehicle was not a proper search-incident-to-arrest under *Arizona v. Gant*, supra. In *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768) (1981), the United States Supreme Court held that when police

> have made a lawful custodial arrest of the occupant of an automobile, [they] may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile [and] may also examine the contents of any containers found within the passenger compartment [of that automobile].

Recognizing that many courts interpreted *Belton* to allow a vehicle search incident to the arrest of a recent occupant even if there was no possibility the arrestee could gain access to the vehicle at the time of

the search, the *Gant* Court substantially limited its *Belton* decision. The Court held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Gant*, supra, 129 SC at 1723. The Court explained its limitation by specifically noting that "[b]ecause officers have many means of ensuring the safe arrest of vehicle occupants, it will be the rare case in which an officer is unable to fully effectuate an arrest so that a real possibility of access to the arrestee's vehicle remains. [Cits.]" Id. at 1719, n. 4.

The only evidence offered by the State in this case to justify its search of the vehicle's center console was the testimony of Officer Morales, who testified that appellant exited the vehicle while he was being questioned about his identification. Appellant was then arrested, handcuffed, and placed in the custody of the second officer, all prior to the instant search. Without offering any evidence as to appellant's physical location after his arrest and placement in the custody of the second officer, Morales stated he searched the "wing span within [appellant's] vehicle" where he discovered the illegal drugs. Morales' testimony thus fails to establish appellant's location in relation to the vehicle at the time of the search or to provide the court any other information from which it could make a determination that the center console remained within appellant's arm's reach as required by *Gant*. In short, the State failed to make any meaningful showing that this was the "rare" case justifying a warrantless vehicle search because officers were unable to fully effectuate an arrest.[1] Because the State failed to meet its burden of proving the search incident to arrest exception to the warrant requirement, the exception did not apply.[2] See OCGA § 17-5-30 (b) (placing on State burden of proving lawfulness of search); *State v. Slaughter*, 252 Ga. 435, 436-437 (315 SE2d 865) (1984).

Contrary to the State's argument in this case, the Supreme Court did not intend a more limited reading of *Gant* and such interpretation is not necessary to protect law enforcement safety and

---

[1] Applying *Gant* to the instant case, the Court of Appeals determined the search of appellant's vehicle was permissible because appellant was standing outside the vehicle at the time of the search and unlike the defendant in *Gant*, had not been placed in the back of the patrol car. A fair reading of *Gant*, however, cannot reasonably lead to the conclusion that the only manner in which to fully effectuate an arrest and remove an arrestee from the reaching distance of the interior of a vehicle is to place the arrestee in the back of a patrol car.

[2] The State did not seek to justify the search on the second ground enunciated in *Gant*, "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Gant*, supra, 129 SC at 1719.

evidentiary interests. As stated by the Court in *Gant*:

> *Belton* and *Thornton* [*v. United States*, 541 U. S. 615 (124 SC 2127, 158 LE2d 905) (2004),] permit an officer to conduct a vehicle search when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest. Other established exceptions to the warrant requirement authorize a vehicle search under additional circumstances when safety or evidentiary concerns demand. For instance, *Michigan v. Long*, 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1983), permits an officer to search a vehicle's passenger compartment when he has reasonable suspicion that an individual, whether or not the arrestee, is "dangerous" and might access the vehicle to "gain immediate control of weapons." Id., at 1049 . . . (citing *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968)). If there is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross*, 456 U. S. 798, 820-821 (102 SC 2157, 72 LE2d 572) (1982), authorizes a search of any area of the vehicle in which the evidence might be found. . . . Finally, there may be still other circumstances in which safety or evidentiary interests would justify a search. Cf. *Maryland v. Buie*, 494 U. S. 325, 334 (110 SC 1093, 108 LE2d 276) (1990) (holding that, incident to arrest, an officer may conduct a limited protective sweep of those areas of a house in which he reasonably suspects a dangerous person may be hiding).

*Gant*, supra, 129 SC at 1721. These exceptions to the warrant requirement ensure police may constitutionally search a vehicle when circumstances present "genuine safety or evidentiary concerns during the arrest of a vehicle's recent occupant." The State's evidence in this case simply failed to show such concerns were present.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 7, 2011.

*Lynn M. Kleinrock*, for appellant.
*Robert D. James, Jr., District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.