**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 12, 2014**

# In the Court of Appeals of Georgia

A13A2060 ASKEW v. THE STATE.

MILLER, Judge.

Following a stipulated bench trial, Duke Askew was found guilty of possession of cocaine with intent to distribute (OCGA § 16-13-30 (b)), possession of marijuana with intent to distribute (OCGA § 16-13-30 (b)), attempting to elude a police officer (OCGA § 40-6-395 (a)), and a stop sign violation (OCGA § 40-6-72). Askew appeals from the judgment on his conviction and sentence, contending that the trial court erred in denying his motion to suppress evidence obtained from his car during a traffic stop.[1] We discern no error and affirm.

---

[1] The Court of Appeals denied the application for interlocutory appeal pursuant to the trial court's denial of Askew's motion to suppress.

Viewed in the light most favorable to Askew's conviction,[2] the evidence shows that at 10:30 a.m. on December 30, 2011, a Georgia State Trooper observed Askew driving in Hancock County while he was not wearing a seatbelt. The trooper turned on his patrol car lights to initiate a stop. Askew turned right without stopping at a four-way stop sign, and the trooper accelerated and turned on his sirens. Askew continued driving, accelerating and making two turns, after which the trooper pulled alongside Askew's vehicle to ensure that he was seen. Despite these attempts, Askew continued driving, making three additional turns before stopping on a dead-end road in a rural area. The trooper's pursuit lasted approximately one minute and fourteen seconds, during which time the trooper called for backup.

Before Askew had completely stopped his vehicle, the front and rear passenger side doors flew open, and Askew's two passengers ran from the vehicle into the adjacent woods. Askew then threw open his door as the trooper approached with his gun drawn. The trooper pulled Askew from the car, pressed his head against the ground, handcuffed him, frisked him for weapons and placed him in the back of his patrol car. The trooper then spoke with a resident of one of the houses on the street, who indicated that she did not know the people in the car. The trooper searched the

[2]*Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

back of Askew's vehicle, removing clothing, two brooms, shoes and miscellaneous papers.

Two minutes after the trooper began his initial search, a Hancock County Sheriff's Deputy arrived to assist in the search of Askew's vehicle. As the trooper continued searching the back of the car, the deputy leaned into the vehicle from the open passenger door and observed in plain view "plastic bags sticking out on the driver's side of the seat . . . in between the driver's seat and the console." The deputy retrieved the bags, which contained crack cocaine and marijuana.

In his sole enumeration of error, Askew contends that there was insufficient evidence to show that the search of his car was conducted as a valid exception to the warrant requirement of the Fourth Amendment. We disagree.

> [W]hen a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based on conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. On numerous occasions the appellate courts of this state have invoked these

three principles to affirm trial court rulings that upheld the validity of seizures.

(Citation and footnote omitted). *Miller v. State*, 288 Ga. 286 (1) (702 SE2d 888) (2010); see also *Brown v. State*, 293 Ga 787, 803 (3) (b) (2) (720 SE2d 148) (2013).

Under OCGA § 17-5-30 (b), the State has the burden of proving the legality of a search and seizure pursuant to a defendant's motion to suppress. *State v. Haddock*, 235 Ga. App. 726, 728 (510 SE2d 561) (1998). "[T]he Fourth Amendment proscribes all unreasonable searches and seizures, and searches conducted without prior judicial approval are per se unreasonable under the Fourth Amendment, subject to specifically established and well-delineated exceptions." *State v. Nesbitt*, 305 Ga. App. 28, 31 (699 SE2d 368) (2010). Among the exceptions to the warrant requirement are a search incident to a valid arrest and an inventory search of a vehicle pursuant to lawful impoundment.[3] *Grimes v. State*, 303 Ga. App. 808, 812 (1) (b)

---

[3] The search in this case cannot be justified as a search incident to arrest. The United States Supreme Court has limited this exception to situations where "the arrestee is within reaching distance of the passenger compartment at the time of the search or if it reasonable to believe the vehicle contains evidence of the offense of arrest." *Gant v. Arizona*, 556 U.S. 332, 344 (III) (129 SCt. 1710, 173 LE2d 485) (2009); see also *Boykins v. State*, 290 Ga. 71, 72 (1) (717 SE2d 474) (2011) (without offering any evidence as to appellant's physical location after his arrest and placement in custody, State failed to meet its burden of proving the search incident to arrest exception to the warrant requirement).

4

(695 SE2d 294) (2010) (searches incident to arrest and inventory searches provide two alternative means for finding that a particular search was unreasonable). See also *State v. Heredia*, 252 Ga. App. 89, 91 (3) (555 SE2d 91) (2001).

> In the interests of public safety and as part of what the Court has called 'community caretaking functions,' automobiles are frequently taken into police custody. The police may inventory the contents of a vehicle that has been lawfully impounded, but they may not use an impoundment or inventory as a medium to search for contraband. The individual's right of privacy is superior to the power of police to impound a vehicle unnecessarily.

(Citation and punctuation omitted.) *State v. Carter*, 305 Ga. App. 814, 817 (2) (701 SE2d 209) (2010).

> The ultimate test for the validity of the police's conduct in impounding a vehicle is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning

---

In the instant case, the State does not argue that the search was permissible as a search incident to arrest and Askew contends that the exception does not apply. Although our focus is limited to the inventory exception to the warrant requirement, a review of the record shows that Askew is correct, because at the time of the search, Askew was handcuffed and in the back of a police car, completely unable to access his vehicle. See *Canino v. State,* 314 Ga. App. 633, 639 (2) (725 SE2d 782) (2012) (search improper despite driver's close proximity to car because driver was in handcuffs during the search). Consequently, the search in question cannot be justified as a search incident to arrest.

of the Fourth Amendment. The determinative inquiry, therefore, is whether the impoundment was reasonably necessary under the circumstances, not whether it was absolutely necessary. A police seizure and inventory are not dependent for their validity upon the absolute necessity for the police to take charge of property to preserve it.

(Punctuation and footnote omitted.) *Carlisle v. State*, 278 Ga. App. 528, 529-530 (629 SE2d 512) (2006). See also *Humphreys v. State*, 287 Ga. 63, 77 (7) (694 SE2d 316) (2010) (test for lawful impoundment is whether, under the circumstances, the officer's conduct in impounding the vehicle was reasonable within the meaning of the Fourth Amendment). Further, "[p]olice officers are not required to ask whether an arrestee desires to have someone come and get the car, nor are they required to accede to an arrestee's request that they do so." (Citations omitted.) *Johnson v. State*, 268 Ga. App. 867, 868 (602 SE2d 876) (2004).

Here, Askew's car was stopped in a residential, dead-end road, and there was no obvious person to take possession of it. The owner of the vehicle was not present, Askew's companions had fled, and the closest neighbor told the trooper that she did not recognize Askew or the car. Although Askew relies heavily upon this Court's decision in *Canino*, supra, 314 Ga. App. at 639-641, to argue that the impoundment was not reasonable, his argument is unavailing. In *Canino*, we found impoundment

to be unreasonable because the facts showed that the car was legally parked, and the officers made no effort to determine whether one of the defendant's friends could remove the car, or whether the defendant wanted to make alternative arrangements. 314 Ga. App. at 641 (3). Therefore, this case is squarely distinguishable from *Canino*. Id. Based on the information available to the officers at the scene as set forth above, the decision to impound the vehicle was reasonable. See *Wiley v. State*, 274 Ga. App. 60, 61 (1) (616 SE2d 832) (2005) (reasonable to impound U-Haul truck where officer on scene could not allow driver to continue driving and only authorized driver of the truck had a suspended driver's license).

Having determined that impoundment was not unreasonable, we now turn to the inventory search in question. See *Canino v. State*, 316 Ga. App. 467, 469 (729 SE2d 602) (2012) (considering validity of impoundment prior to reasonableness of the inventory search).

> The United States Supreme Court has held that an inventory search may be "reasonable" under the Fourth Amendment even though it is not conducted pursuant to a warrant based upon probable cause. In this respect, an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence, but instead the policy or practice governing inventory searches should be designed to produce an inventory. Pursuant to these principles . . . the first purpose

of an inventory search is the protection of the owner's property while it remains in police custody and the second purpose is the protection of the police against claims or disputes over lost or stolen property.

(Citation, punctuation and footnote omitted). *Grizzle v. State*, 310 Ga. App. 577, 580 (2) (713 SE2d 701) (2011). "[I]nventories conducted by the police pursuant to standard police procedures are deemed to be reasonable under the Fourth Amendment." (Punctuation and footnote omitted.) Id. at 579 (1).

Here, the record contains sufficient evidence about the police department's policy on inventory searches. The trooper who initiated the inventory search testified at the hearing on the motion to suppress that once the decision to impound is made, it is the policy of the department to inventory the vehicle according to standard police procedure in order to protect the violator and the police. In so doing, the trooper completed a standard inventory form, listing all items of value found in the vehicle other than the contraband. The ziplock bags containing marijuana and cocaine were found in plain view during the inventory search, and the removal of the bags from the console was not unreasonable. *State v. Evans*, 181 Ga. App. 422, 424 (2) (352 SE2d 599) (1986). Because the impoundment in question was reasonable and there is evidence to support the trial court's finding that the search was conducted pursuant

8

to standard police procedure, the trial court's denial of the motion to suppress will not be disturbed on appeal. See *Grizzle*, supra, 310 Ga. App. at 579 (1).

Accordingly, we affirm.

*Judgment affirmed. Barnes, P. J., concurs. Ray, J., concurs in judgment only.*